COPPER RIVER & N. W. RY. CO. v. REED.

(Circuit Court of Appeals, Ninth Circuit.  February 9, 1914.)

No. 2301.

1. MASTER AND SERVANT (§ 265*)—DEATH OF SERVANT—EMPLOYERS' LIABILITY ACT—ACTIONABLE NEGLIGENCE.

Decedent and his firemen were operating a rotary snowplow over defendant's railroad in Alaska, when a wooden bridge gave way under the engine, due to the burning off of certain supports under it, causing the engine to turn over and kill deceased.  *Held*, that such facts were sufficient to show actionable negligence on the part of the railroad company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. APPEAL AND ERROR (§ 263*)—INSTRUCTIONS—EXCEPTIONS—TIME.

Objections to instructions cannot be considered on a writ of error, where no exceptions were taken thereto while the jury were at the bar.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

3. APPEAL AND ERROR (§ 264*)—DAMAGES—APPORTIONMENT.

Where no exception was taken by either party to the form of the verdict in an action for wrongful death, and by the terms of Act Cong. April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), there could be but one recovery for the injury complained of, the fact that the damages were not apportioned by the verdict between decedent's widow and children as they should have been was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1533–1535; Dec. Dig. § 264.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Peter D. Overfield, Judge.

Action by Mrs. E. A. Reed, as administratrix of the estate of J. E. Reed, deceased, against the Copper River & Northwestern Railway Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

W. H. Bogle, Carroll B. Graves, F. T. Merritt, and Lawrence Bogle, all of Seattle, Wash., and R. J. Boryer, of Cordova, Alaska, for plaintiff in error.

J. H. Cobb, of Juneau, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge.  This action was brought under the Employers' Liability Law of April 22, 1908 (35 St. Lg. 65), as amended by the act of April 5, 1910 (36 St. Lg. 291); sections 1 and 2 of the first mentioned act being as follows:

"Sec. 1. That every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any

person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such. employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

"Sec. 2. That every common carrier by railroad in the territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence,` in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

Section 2 of the act of April 5, 1910, is as follows:

"That said act be further amended by adding the following section as section nine of said act:

"Sec. 9. That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband or children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the. same injury."

The action was brought by the widow of the deceased, Reed, as administratrix of his estate, for the benefit of herself as survivng widow and her two minor children named in the complaint, to recover damages growing out of the death of her husband and father of the two children, while in the employ of the railway company as a locomotive engineer, by reason of this alleged negligence on its part:

"That on the date aforesaid (the date of the decedent's death) defendant had negligently allowed its roadbed to get out of repair, the ties to be burned and destroyed by ashes and cinders, negligently allowed by defendant to be dumped upon the roadbed, and otherwise suffered to become utterly unsafe and unfit as a roadbed over which cars and locomotives were to be operated, so as to render the same extremely hazardous to the said J. E. Reed, and other employés of the defendant operating its said engines. That on or about the said date, while plaintiff's intestate, in pursuance of the duties of his employment, was driving an engine over defendant's said road, by reason of the unsafe and hazardous condition of said track, said engine was derailed and plaintiff's intestate was killed. That said fatality was due solely to the negligence of the defendant in failing to keep and maintain its roadbed in a reasonably safe condition for the operation of its trains thereon, and without any fault or negligence whatever on the part of the said deceased."

The answer of the railway company put in issue its alleged negligence, and set up the affirmative defenses of assumption of risk by the deceased, and that his death was caused by his own negligence and that of his fellow servants.

[1] The accident happened on the 1st of January, 1912, on that portion of the railway company's road extending from Cordova to Tiekel

in Alaska, and occurred at the time the deceased and his fireman were operating a rotary snowplow which at the moment of the accident was passing over a wooden bridge some of the supports of which had been burned, resulting in the turning over of the engine and the death of the engineer.

It is contended on behalf of the appellant railway company that there was no sufficient evidence of any negligence for which the company is chargeable in law, and that therefore the judgment should be reversed, with directions to the trial court to dismiss the action, but we are unable to take that view of the evidence. It is further insisted for the appellant that the judgment should be reversed, and the cause at least remanded for a new trial because of the erroneous instruction of the jury by the court in respect to the measure of damages, and because the jury did not, by its verdict, apportion the damages awarded between the widow and the children in whose behalf the action was brought.

[2, 3] None of the instructions given by the court to the jury can be considered by us, for the reason that they were not seasonably excepted to. See the recent decision of this court in the case of Arizona & New Mexico Railway Co. v. Clark, 207 Fed. 817, 125 C. C. A. 305, and cases there cited. It is true that the damages awarded by the jury should have been by its verdict apportioned between the widow and children (Gulf, Colorado, etc., Ry. Co. v. McGinnis, 228 U. S. 173, 175, 33 Sup. Ct. 426, 57 L. Ed. 785), but no exception appears to have been taken by either party to the form of the verdict, and by the very terms of the statute under which the action was brought there can be but the one recovery for the injury complained of. We do not therefore see that the appellant has been injured by the omission referred to.

The judgment is affirmed.