## FINLEY v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 9, 1919.)

No. 1662.

CRIMINAL LAW ⊙=1048—ASSIGNMENTS OF ERROR—NECESSITY OF EXCEPTIONS.
    In the Circuit Court of Appeals, an assignment of error will not be considered, unless based on an exception.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Joseph T. Johnson, Judge.

Criminal prosecution by the United States against Louise Finley. Judgment of conviction, and defendant brings error. Affirmed.

T. P. Cothran, of Greenville, S. C. (H. P. Burbage, of Greenville, S. C., on the brief), for plaintiff in error.

Frank C. Miller, Sp. Asst. U. S. Atty., of Norfolk, Va. (J. William Thurmond, U. S. Atty., of Edgefield, S. C., and C. G. Wyche, Asst. U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before PRITCHARD and WOODS, Circuit Judges, and CONNOR, District Judge.

PRITCHARD, Circuit Judge. This was a criminal action, tried in the United States District Court for the Western District of South Carolina. The defendant was charged with violating section 13 of the act of Congress of the 18th day of May, 1917 (40 Stat. 83, c. 15 [Comp. St. 1918, appendix, § 2019b]).

While the plaintiff in error (the defendant in the court below) relies on three assignments of error, it appears from the record that no exception was taken either to the charge of the court, or to the introduction of certain evidence by the government. This court has repeatedly held that it would not consider an assignment of error unless the same was based upon an exception. Beaver v. Taylor, 93 U. S. 46, 55, 23 L. Ed. 797; Prioleau v. United States (4th Circuit) 74 C. C. A. 458, 143 Fed. 320; Hull Co. v. Marquette Cement Mfg. Co., 125 C. C. A. 460, 208 Fed. 260; Copper River & N. W. Ry. v. Reed, 128 C. C. A. 39, 211 Fed. 111; Alwart Bros. Coal Co. v. Royal Colliery Co., 127 C. C. A. 599, 211 Fed. 313. Also, in the case of Robinson & Co. v. Belt, 187 U. S. 41, 50, 23 Sup. Ct. 16, 19, 47 L. Ed. 65, the court said:

"While it is the duty of this court to review the action of subordinate courts, justice to those courts requires that their alleged errors should be called directly to their attention, and that their action should not be reversed upon questions which the astuteness of counsel in this court has evolved from the record. It is not the province of this court to retry these cases de novo."

However, in passing, we deem it proper to say that, on examining the record as to the points sought to be raised therein, we find nothing that would warrant us in disturbing the judgment of the court

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

below, had the assignments been based upon exceptions taken in accordance with the rules of this court.

For the reasons stated, the judgment of the lower court is affirmed.