### HOSIER v. UNITED STATES. *

(Circuit Court of Appeals, Fourth Circuit. July 1, 1919.)

### No. 1713.

1. POISONS ☞4, 9—INDICTMENT UNDER HARRISON NARCOTIC ACT NEED NOT CHARGE THAT ACCUSED WAS IN BUSINESS.

   A prosecution for violation of Harrison Anti-Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h), by selling a narcotic drug without a written order from the purchaser on the prescribed form, may be predicated on a single sale, and the indictment need not charge that accused was in the business of selling narcotics.

2. CRIMINAL LAW ☞369(1)—PURCHASER OF NARCOTICS COULD TESTIFY TO SALE OF NARCOTICS TO HIM ON SEVERAL OCCASIONS.

   On trial of a defendant charged with selling a narcotic drug to a named purchaser in violation of the statute on a specified date, it was not error to permit such purchaser to testify to sales to him at different times.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Criminal prosecution by the United States against G. E. Hosier. Judgment of conviction, and defendant brings error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 250 U. S. 674, 40 Sup. Ct. 54, 64 L. Ed. —.

Henry Bowden and Thomas H. Willcox, both of Norfolk, Va., for plaintiff in error.

Hiram M. Smith, U. S. Atty., of Richmond, Va.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. The plaintiff in error will be called the defendant. Three indictments, each intended to allege a violation of the Harrison Anti-Narcotic Act (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. §§ 6287g–6287q]), were returned against him. They were consolidated. He was convicted upon all of them. Each of them charges that he had made a sale of a specified narcotic to a named individual, and that such sale had not been made in pursuance of a written order from the purchaser on a form issued in blank for that purpose by the Commissioner of Internal Revenue. Two of the indictments set forth that the defendant had not registered under the act and had not paid the special tax; the third omitted this allegation.

[1] The defendant argues that all the indictments were defective, in that none of them alleged that he was in the business of selling narcotics. He cites a number of cases in which, in prosecutions under section 3242 of the Revised Statutes (Comp. St. § 5965) and similar enactments, it has been held that it was necessary to allege and to prove that the accused was carrying on the business of a liquor seller. It was not sufficient to say and to show that he had made a single sale. These authorities are not in point. In them, what the statute forbade was the carrying on of the business of a wholesale or retail liquor dealer, etc., without paying the tax imposed thereon. The act here in question declares it to be unlawful for any person to sell narcotics to any one except upon the written order of the latter, given on a blank form issued by the Commissioner of Internal Revenue.

In the instant case, each indictment charges an offense in the language of the statute, and by setting forth the kind of narcotics sold, and to whom the sale was made, the accused was given sufficient information to enable him to prepare his defense. There is nothing in U. S. v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, which intimates that one who is not a regular dealer in narcotics, may lawfully make a sale of them otherwise than is permitted by section 2 of the act (Comp. St. § 6287h). It is true that it was held that the words "any person," in section 8 (section 6287n), prohibiting the possession of the drug, must be restricted to the class of persons named in section 1 (section 6287g), because, unless that was done, a grave constitutional question would be raised, and the familiar principle was reiterated that a statute must be construed, if fairly possible, so as to avoid, not only the conclusion that it is unconstitutional, but also grave doubts upon that score. It is not open to dispute that Congress may levy a tax upon one who sells anything, the selling of which it chooses to tax. It may, in its discretion, provide that this tax shall be required only of such persons as make a business of dealing in the commodity in question, but it is equally open to it, if it will, to say that every one who sells at all shall pay, or that

any one who makes even an occasional sale shall comply with reasonable regulations intended to prevent evasions of the law.

[2] The indictments were good. The defendant says that, if they were, it is because each forbidden sale is a separate offense, and that reversible error was committed in admitting, over his objection, evidence of other sales than those specified in the indictments. The evidence complained of was in every instance given by the purchasers named in the indictments. Each of such purchasers said that in addition to the sale, at or about the time mentioned in the indictments, the defendant had, on other occasions, made similar sales to the witness. As the government in its proof was not restricted to the precise dates set forth in the indictments, the defendant could not object to the receipt of such evidence. The most that he would be entitled to do was to ask that the government should elect upon which dates it would stand. That he did not do.

We have considered the other assignments of error, but find nothing in them which calls for discussion.

Affirmed.