### BILBOA et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 26, 1923. Rehearing Denied April 16, 1923.)

#### No. 3947.

**1. Criminal law ⊕⇒1045, 1054(3)—Assignment of error must be based on rulings of trial court and exception thereto.**

Since the Circuit Court of Appeals is an appellate tribunal organized to review the rulings of subordinate tribunals, it will ordinarily not consider an assignment of error in a criminal case that the evidence is insufficient, unless there is a ruling of the trial court to which an exception was duly noted.

**2. Criminal law ⊕⇒1186(4)—Act requiring judgment without regard to technical errors does not require court to consider rulings not excepted to.**

Act Feb. 26, 1919, amending Judicial Code, § 269 (Comp. St. Ann. Supp. 1919, § 1246), so as to require appellate courts to give judgment after examination of the entire record without regard to technical errors, was intended to prevent reversals based on technical errors, which, though properly preserved, did not affect substantial rights, but it does not require the court to decide on the whole record, regardless of whether exception was taken or not, or to overlook defects due to negligence or inattention.

**3. Criminal law ⊕⇒1036(8)—Court will notice errors not properly raised only when necessary to prevent injustice.**

An appellate court may in its discretion notice errors in the trial of a criminal case not properly raised at the trial, when a refusal to do so would shock its judicial conscience and operate as a palpable miscarriage of justice; but such power is rarely exercised, and never, except for the purpose of preventing a judicial wrong, and accused will not be permitted to speculate on the result in the trial court, and bring the matter up for review of alleged insufficiency of the evidence not called to the attention of that court, and not passed on by it.

**4. Criminal law ⊕⇒878(4)—Acquittal on count alleging nuisance does not invalidate conviction for unlawful possession or sale.**

An acquittal on a count charging nuisance by the maintenance of premises for the unlawful sale of liquor is not so inconsistent with a conviction on other counts charging unlawful possession and unlawful sale as to render a conviction on those counts by the same jury invalid.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

J. Bilboa and another were convicted of violating the National Prohibition Act, and they bring error. Affirmed.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Huskey & Kuklinski, of Reno, Nev., and E. T. Patrick, of Carson City, Nev., for plaintiffs in error.

George Springmeyer, U. S. Atty., and Chas. A. Cantwell, Asst. U. S. Atty., both of Reno, Nev.

Before GILBERT and RUDKIN, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. The defendants were charged jointly with a violation of the National Prohibition Act (41 Stat. 305) in three counts: (1) Unlawfully and knowingly having in their possession intoxicating liquors; (2) making a sale thereof; and (3) maintaining a nuisance. The defendant Bilboa was convicted on the charge of possession and sale, and Borda of a sale. Both defendants were acquitted on the nuisance charge. From the judgments which followed, they have appealed.

The only point argued here is the insufficiency of the evidence to support the verdict. No such question was raised in the trial court by a motion to strike out the evidence, or for a directed verdict, or by objection and exception to the admission of testimony, or a motion for a new trial, or in any other way, and there was no ruling of the court thereon.

[1] This is an appellate tribunal, constituted and organized to review the rulings of subordinate tribunals, and ordinarily it will not consider an assignment of error, unless based on a ruling of the trial court and an exception duly noted (Finley v. U. S., 256 Fed. 845, 168 C. C. A. 191; Central R. Co. of N. J. v. Sharkey, 259 Fed. 144, 170 C. C. A. 212), for, as said by the Supreme Court of the United States in Robinson v. Belt, 187 U. S. 41, 23 Sup. Ct. 16, 47 L. Ed. 65, "while it is the duty of this court to review the action of subordinate courts, justice to those courts requires that their alleged errors should be called directly to their attention, and that their actions should not be reversed upon questions which the astuteness of counsel in this court has evolved from the record."

[2] This rule is not changed or modified by the Act of February 26, 1919, amending section 269 of the Judicial Code (Comp. St. Ann. Supp. 1919, § 1246), which declares that appellate courts shall give judgment after examination of the entire record, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties. The purpose of this amendment is to prevent reversals based on technical errors, which, though properly preserved, do not affect substantial rights; but it does not require the court to decide on the whole record whether exception was taken or not, or overlook defects due to negligence or inattention. Storgard v. France & Canada S. S. Cor. (C. C. A.) 263 Fed. 545; Haywood v. U. S. (C. C. A.) 268 Fed. 795; Rich v. U. S. (C. C. A.) 271 Fed. 566; Standard Oil v. Allen, 50 App. D. C. 87, 267 Fed. 645.

[3] It is true that an appellate court may in its discretion notice errors in a trial of a criminal case not properly raised at the trial, when a refusal to do so would shock its judicial conscience and operate as a

palpable miscarriage of justice (Wiborg v. U. S., 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Crawford v. U. S., 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392; Keliher v. U. S., 193 Fed. 8, 114 C. C. A. 128); but this is a power rarely exercised, and never except for the purpose of preventing a judicial wrong. Parties should not be permitted to speculate on the result in the trial court, and, if unsatisfactory, bring the matter here for review for alleged errors not called to the attention of that court, and not passed upon by it.

[4] There is nothing in this record to call upon the court to exercise the extraordinary power suggested. It is claimed, however, that the effect of the finding of the jury that the defendants were not guilty of the charge of maintaining a common nuisance by keeping in the building intoxicating liquors for sale is, in effect, an acquittal of the charge of possession and sale in such premises; but such is not the necessary result. It was the duty of the jury to return a verdict upon each count of the indictment, and the fact that it found the defendants not guilty on one count does not render conviction in the other invalid.

Judgment is therefore affirmed.