## TRAVERSI v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 16, 1923. Rehearing Denied May 21, 1923.)

No. 3955.

1. **Intoxicating liquors 236(6½, 9)—Conviction for illegal possession sustained by evidence.**

In a prosecution for maintaining a nuisance and for unlawful possession of intoxicating liquor, under the National Prohibition Act, evidence *held* to make question of guilt question for jury and to sustain a verdict of guilty.

2. **Criminal law 1038(1)—No reversal for imperfections in instructions not objected to when given.**

Appellate court, not being convinced that an injustice has been done, would not be warranted in sending a cause back for a new trial for imperfections in instructions, to which no objections were made at the time they were given.

In Error to the District Court of the United States for the First Division of the Northern District of California; William C. Van Fleet, Judge.

G. Traversi was convicted for a violation of the National Prohibition Act, and he brings error. Affirmed.

R. Platnauer, of Sacramento, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DIETRICH, District Judge. Plaintiff in error was convicted upon an information charging him with violations of the National Prohibition Act (41 Stat. 305); in the first count with the maintenance of a nuisance, and in the second with unlawful possession of intoxicating liquor. He was sentenced to pay a fine of $500 and to imprisonment for three months. Throughout the entire proceeding in the court below he made no objection and reserved no exception. He now challenges the sufficiency of the second count, but admittedly the first count is without defect, and it amply supports the judgment.

[1] While meager, the direct evidence, with its reasonable implications and the surrounding circumstances, warrants the conclusion reached by the jury. Plaintiff in error was running a "soft drink saloon" in connection with a rooming house or hotel. When the prohibition agents entered, several men were standing up against the bar, two or three of whom were drunk. There is no evidence that the beverage they were at the time drinking was intoxicating, but the plaintiff in error was just entering from a back room, having in his hands a bottle of red wine, which, upon analysis, was found to contain approximately 10 per cent. alcohol. He testified that he was bringing the wine in for his luncheon, but it was between 3 and 4 o'clock in the afternoon, and upon the whole the question was clearly for the jury.

[2] If it be conceded that the instructions might very properly have been more guarded in the respects now suggested, they were not plainly misleading, and not only did counsel for the plaintiff in error fail to object, but, upon inquiry of the court whether he desired anything further, he answered no. Not being convinced that an injustice has been done, we would not be warranted in sending the cause back for a new trial, for imperfections in instructions with which the parties were satisfied at the time they were given.

Affirmed.

RUDKIN, Circuit Judge. I concur in the judgment, but am opposed to the practice of discussing or considering questions not properly before us, because the inevitable tendency is to encourage loose practice, mislead the bar, and embarrass the court in the future. The court should, therefore, refuse to consider the sufficiency of the evidence to sustain the verdict for the reasons stated by this court in Bilboa v. United States (C. C. A.) 287 Fed. 125, decided February 26, 1923.