### LINDER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 2, 1923. Rehearing Denied August 20, 1923.)

No. 3982.

I. Searches and seizures �köm3—Right to challenge sufficiency of search warrant held waived.

In a prosecution for violating Harrison Anti-Narcotic Act Dec. 17, 1914, as amended by Act Feb. 24, 1919 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g et seq.), the right of accused to challenge the sufficiency of a search warrant under which a revenue inspector seized narcotics from defendant's office was waived where his motion to suppress it was not brought to the attention of the court during the six months

---

⊙ㅡ>For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

intervening between the day it was filed and the time of the trial, and no objection was made at the trial to the introduction in evidence of the articles taken from the office.

**2. Criminal law ☞1156(3)—Ruling on motion for new evidence is within trial court's discretion.**

The denial of a motion for a new trial is not assignable as error, it being within the discretion of the trial court to decide whether, on the ground of newly discovered evidence or any other ground, a new trial should be had.

**3. Criminal law ☞878(3)—Acquittal on another charge not inconsistent with conviction though evidence is the same.**

Where defendant was charged with separate sales on different days to the same buyer of narcotics, and the testimony as to each sale by the buyer was substantially the same, a conviction on the second count cannot be reversed on the ground that the defendant was acquitted on on the first count.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

C. O. Linder was convicted of violating the Harrison Anti-Narcotic Act, as amended, and he brings error. Affirmed.

W. H. Plummer and W. W. Zent, both of Spokane, Wash. (J. P. Murphy, of Spokane, Wash., of counsel), for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., and H. Sylvester Garvin, Asst. U. S. Atty., both of Spokane, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was indicted under three counts for violation of the Harrison Narcotic Act of December 17, 1914, as amended February 24, 1919 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g et seq.). He was acquitted of the first and third counts, but was convicted under the second count, which charged that on a date named, he unlawfully sold to one Ida Casey morphine and cocaine in violation of the provisions of the act. He assigns as error the denial of his motion to suppress the search warrant under which an internal revenue narcotic inspector searched his office and took therefrom certain narcotics.

[1] Motion to quash the search warrant was filed on April 22, 1922. No action was taken on the motion. It was not brought to the attention of the court at any time before or during the trial. The case came on for trial on October 9, 1922, six months after the filing of the motion. The articles taken from the office of the plaintiff in error were offered and received in evidence without objection from his counsel. All that could have been accomplished for the plaintiff in error, if his motion had been granted, would have been to suppress the evidence, which was thus received without objection. Having consented to the admission of that evidence, the plaintiff in error is in no position to challenge the sufficiency of the search warrant, and in fact it seems clear that the officer who took the narcotics from the office of the plaintiff in error would by virtue of his

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

official position have been justified in making the search and seizure without the aid of a search warrant.

There was no error in denying the motion for an instructed verdict of acquittal. The evidence was ample, if credited by the jury, to sustain a conviction.

[2] It is assigned as error that the trial court abused discretion in refusing to grant a new trial on the ground of newly discovered evidence. The assignment ignores the settled rule that the denial of a motion for new trial is not assignable as error; it being within the discretion of the trial court to decide whether on the ground of newly discovered evidence or other ground a new trial should be had. There was no abuse of discretion in denying the motion, and the same is true of the motion in arrest of judgment.

[3] It is urged that the court below erred in denying the motion of plaintiff in error for judgment of acquittal notwithstanding the verdict of the jury. The motion was based on the ground that the verdict on the second count was inconsistent with the verdict on the first count. The first count charged a sale on March 31, 1922. The second count charged a sale to the same person on April 1, 1922. The inconsistency is said to consist in the fact that the evidence of both sales was substantially the same, and rested on the testimony of Ida Casey, and that, if the jury refused to believe her testimony as to the first alleged offense, their verdict on the second was inconsistent therewith.

The court below, in ruling on the question on the motion for a new trial, intimated that the jury might have reached the conclusion that the plaintiff in error did not know that Ida Casey was an addict at the time of the first sale of the narcotics, but that, when he gave her the second treatment, the plaintiff in error did know it, and on that ground the court rejected the contention that there was inconsistency in the two verdicts. We agree with that view, and we find no inconsistency for which the judgment should be reversed. We are, of course, uninformed of the reason why the jury credited the testimony as to the second count and rejected it as to the first. It may have been for the reason that the testimony as to the second count was corroborated by the fact that when Ida Casey left the doctor's office she was intercepted, and the narcotics which had been given her were taken from her possession by the internal revenue narcotics inspector. But, whatever the reason may have been, the verdict on one count of an indictment is not to be rejected for the reason that a jury have acquitted the accused under another count for an act committed on a different date, even if the evidence as to both counts is identical.

The judgment is affirmed.