## STUBBS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 20, 1924. Rehearing Denied November 24, 1924.)

### No. 4236.

**1. Poisons ⬅4—Handling drugs not in original package held offense, though no penalty stated.**

Violation of Act Dec. 17, 1914, c. 1, § 1, as amended by Act Feb. 24, 1919, c. 18, § 1006 (Comp. St. Ann. Supp. 1923, § 6287g), making it unlawful to purchase, sell, or distribute certain drugs, unless in original stamped package, is indictable offense, though statute imposes no penalty.

**2. Indictment and information ⬅110(3) — Handling narcotic drugs without having registered and paid tax may be charged in language of statute.**

Offense of manufacturing, selling, etc., narcotic drugs, without having registered and paid special tax, may be charged in language of statute.

**3. Indictment and information ⬅133(1)—Indictment cannot be challenged by objection to introduction of testimony.**

Sufficiency of indictment cannot be challenged by objection to introduction of any testimony under it.

**4. Criminal law ⚖══1036(1)—Question of admissibility of evidence obtained under search warrant cannot be first raised in reviewing court.**

Where no objection to introduction of property seized under search warrant was made when it was offered on trial, sufficiency of search warrant cannot be called in question in reviewing court for first time.

**5. Criminal law ⚖══369(15)—Witness to whom sale of narcotics was made held properly permitted to testify to previous sales.**

In prosecution for selling narcotic drugs without having registered and paid special tax, witness to whom alleged unlawful sale was made was properly permitted to testify to previous sales made by defendant, in order to show that defendant was person required to register.

**6. Indictment and information ⚖══176—Government not limited to precise date fixed in indictment for sale of drugs without registering and paying tax.**

In prosecution for sale of narcotics without having registered and paid special tax, government was not limited to precise date fixed in indictment, and where several sales were proved, utmost relief plaintiff was entitled to was to compel government to elect sale on which it would stand.

**7. Criminal law ⚖══1169(11)—Testimony as to prior sales of drugs held without prejudice.**

In prosecution for sale of narcotic drugs without having registered and paid special tax, defendant was not prejudiced by testimony of government's witness as to certain prior sales, when there was no corroboration, since, if jury discredited her as to sale made on date relied on by government, they would naturally discredit her as to other sales.

**8. Criminal law ⚖══873—Reception of sealed verdict by consent of parties proper.**

It was not error to receive sealed verdict by consent of parties.

**9. Criminal law ⚖══935(3), 1036(8)—Challenge to sufficiency of testimony cannot be raised first on motion for new trial or in appellate court.**

Challenge to sufficiency of testimony cannot be raised for first time on motion for new trial or in appellate court.

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

W. H. Stubbs was convicted under the Harrison Anti-Narcotic Act, and brings error. Affirmed.

James F. O'Brien, Burkey & Burkey, and M. J. Gordon, all of Tacoma, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q). The indictment contains two counts. The first count charges that on the 8th day of November, 1923, at the city of Tacoma, in the Southern division of the Western district of Washington, then and there being, the plaintiff in error did knowingly, willfully, unlawfully, and feloniously, and not in the original stamped package or from the original stamped package, purchase from a person whose name was to the grand jurors unknown certain described narcotic drugs. The second count charges that at the same time and place the plaintiff in error did knowingly, willfully, unlawfully, and feloniously manufacture, produce, compound, sell, deal in, dispense, distribute, administer, and give away certain described narcotic drugs, without having registered and paid the special tax as required by law. A demurrer was interposed to each of the counts for want of sufficient facts, and a general objection to the introduction of any testimony under the indictment was interposed upon the same ground. The demurrer was overruled, but in so doing the court required the government to furnish a bill of particulars to the plaintiff in error, setting forth the name of the witness through whom it expected to prove the sale charged in the second count. The bill of particulars was furnished as directed, and the objection to the introduction of testimony was overruled.

[1] The first count of the indictment is based on Act Dec. 17, 1914, c. 1, § 1, as amended by Act Feb. 24, 1919, c. 18, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g, Comp. St. Ann. Supp. 1923, § 6287g). The amendment in question provides:

"It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found. * * *"

The objection to this count seems to be that, while the amendment declares a purchase not in the original stamped package, or from the original stamped package, unlawful, it imposes no penalty. The objection is without merit. Dean v. U. S. (C. C. A.) 266 F. 694; Bacigalupi v. U. S. (C. C. A.) 274 F. 367; Montague v. U. S. (C. C. A.) 294 F. 277; and U. S. v. Wong

Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105.

[2, 3] The second count is in the language of the statute, and this case belongs to that general class where to charge the crime in that form is sufficient. Young v. U. S. (C. C. A.) 272 F. 967; Ritter v. U. S. (C. C. A.) 293 F. 187; and Kirby v. U. S., 174 U. S. 47-63, 19 S. Ct. 574, 43 L. Ed. 890. The objection to the introduction of any testimony under the indictment was not well taken, but, in any event, the sufficiency of an indictment cannot be challenged in that way. Wild v U. S. (C. C. A.) 291 F. 334.

[4] Property seized under a search warrant was received in evidence at the trial, and the sufficiency of the search warrant is now called in question. There was no objection to the testimony when offered upon the trial, and the sufficiency of the search warrant cannot be called in question here for the first time. Linder v. U. S. (C. C. A.) 290 F. 173.

[5-8] The witness to whom the sale was made on the 8th day of November was permitted to testify, over objection, to two previous sales made to her by the plaintiff in error, and the admission of this testimony is assigned as error. There are several answers to this objection. It was incumbent upon the government to prove that the plaintiff in error was a person required to register, and proof of previous sales was competent for that purpose. Braden v. U. S. (C. C. A.) 270 F. 441. The government was not limited to the precise date fixed in the indictment. It was competent to prove sales made on other dates to the same party, and the utmost relief the plaintiff in error was entitled to would be to compel the government to elect upon which date or sale it would stand. Hosier v. U. S., 260 F. 155, 171 C. C. A. 191. Lastly, there was no corroboration of the testimony of the witness as to the former sales, and if the jury discredited her as to the sale made on November 8th they would naturally discredit her as to the other two, and the ruling was without prejudice. There was no error in receiving the sealed verdict by consent of parties. Pounds v. U. S., 171 U. S. 35, 18 S. Ct. 729, 43 L. Ed. 62.

[9] There was no challenge to the sufficiency of the testimony to support a conviction during the trial by motion for a directed verdict or otherwise, and, as a general rule, that objection cannot be raised for the first time by motion for a new trial or in the appellate court. Bilboa v. U. S. (C. C. A.) 287 F. 125. This case forms no exception to the general rule.

We find no error in the record, and the judgment is therefore affirmed.