## LUCIS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1925. Rehearing Denied February 9, 1925.)

No. 4322.

**Criminal law ⚙═1036(8)—Objections as to lack of proof of venue and insufficiency of evidence, made for first time on appeal, not considered.**

Objections that there was no proof of venue, and that evidence was insufficient to sustain charges in information, will not be considered when raised for first time on appeal, except to prevent obvious miscarriage of justice.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Benjamin F. Bledsoe, Judge.

Pete Lucis was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

George D. Collins, Jr., of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The only assignment of error is the general one that the court erred in rendering judgment against the plaintiff in error. Under this assignment it is urged that there was no proof of venue, and that the evidence is not sufficient to support the charges contained in the information. These questions were not raised in the court below by motion for a directed verdict or otherwise, and they cannot be raised in this court for the first time. While the bill of exceptions contains no proof of venue, there was nothing

in the assignments of error calling for such proof. A bill of exceptions is prepared with general reference to the assignments of error, and inasmuch as the question of venue was not raised at the trial, or by any specific assignment of error, it is not at all surprising that proof of venue is not found in the bill of exceptions. Furthermore, had the objection been timely made, no doubt the court would have permitted the government to supply the defect before submitting the case to the jury. The sufficiency of the evidence to support the verdict in other respects will not be considered, when raised for the first time in the appellate court, except to prevent a plain and obvious miscarriage of justice. Bilboa et al. v. United States (C. C. A.) 287 F. 125; Deupree v. United States (C. C. A.) 2 F.(2d) 44 (decided October 27, 1924).

No such exceptional case is presented here, and the judgment is therefore affirmed.