## McWALTERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
June 15, 1925.)

No. 4349.

**1. Criminal law ⚖️1054(1)—Ruling on admission of evidence not reviewable, in the absence of exception.**

The overruling of a motion to strike out evidence is not assignable for error, where not excepted to.

**2. Arrest ⚖️63(3)—Intoxicating liquors ⚖️ 249—Search warrant not required to enter public place, and proprietor found with liquor may be arrested.**

A search warrant is not necessary to authorize prohibition agents to enter a soft drink place, open to the public, and they may then and there, without a warrant, arrest the proprietor, found in illegal possession of liquor.

**3. Criminal law ⚖️778(2)—Instruction that liquor found in soft drink parlor presumed for sale held not erroneous.**

An instruction that the law raised a presumption that liquor found in a soft drink place was there for sale, with further explanation of the meaning of "presumption," *held* not erroneous.

**4. Criminal law ⚖️1044—Sufficiency of evidence not reviewable, in absence of motion for directed verdict.**

In the absence of a motion for directed verdict, the question of the sufficiency of the evidence to sustain a conviction will not be considered by the appellate court.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Criminal prosecution by the United States against D. McWalters and Pat Slattery. Judgment of conviction, and defendants bring error. Affirmed.

Joseph P. Lacey, of Oakland, Cal., and Wm. B. Davie and R. B. McMillan, both of San Francisco, Cal., for plaintiffs in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before HUNT, RUDKIN, and MORROW, Circuit Judges.

HUNT, Circuit Judge. Plaintiffs in error were convicted of violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138¼ et seq.) by maintaining a common nuisance on April 5, 1923, at 2184 Grove street, Oakland, and having unlawful possession of liquor on that date and in the same place.

[1] Error is assigned upon the refusal of the court to strike out certain testimony that defendants had been arrested at some previous times for violations of the prohibition law, and to the introduction of a record showing that on a prior date McWalters pleaded guilty to a violation of the prohibition statute. No objection was made by defendants' counsel to the questions asked or to the answers given in respect to these matters until after the introduction of the record of conviction of McWalters, when a motion to strike out "all this testimony" was made and overruled, but no exception was taken to the ruling. In the absence of an exception, it is not incumbent upon the trial or appellate court to consider the assignment. Finley v. United States, 256 F. 845, 168 C. C. A. 191.

[2] It is contended that the court erred in admitting a bottle of liquor taken by a witness for the government from a demijohn found in a garage connected with and immediately back of the soft drink place in which defendant Slattery was arrested. The ground of the objection was that the prohibition agents entered the premises without having a search warrant, and that there was no evidence of sale. But as the uncontradicted evidence was that the place was a soft drink parlor, open to the public, the agents had a right to enter, and when they saw Slattery behind the bar dumping a pitcher of jackass brandy, as the testimony shows they did, they had a right to arrest him then and there without a warrant. Kathriner v. United States (C. C. A.) 276 F. 808; Brown v. United States (C. C. A.) 4 F.(2d) 247. It appears that after the arrest of Slattery the prohibition officers went into a garage immediately in the rear of the soft drink parlor and discovered a five-gallon demijohn containing four gallons of jackass brandy, and a one-gallon demijohn containing jackass brandy. As the testimony of this discovery and how it was made was given without objection and exception, the admission of the bottle of the discovered brandy could not have prejudiced the rights of the defendants.

[3] Exception was preserved to that part of the instructions wherein the court charged that, if the jury were satisfied that the liquor was found in the soft drink place, the law raised a presumption that it was there for sale. The court at once continued: "In other words, the law declares that the possession of liquor in any place except a private home constitutes prima facie evidence that it was there for sale." The explanation of

what was meant by the word "presumption" made it clear enough that, if as a fact there was possession of liquor, that fact had probative strength in showing that the liquor was being kept for sale. It was for the jury to give the probative strength of the evidence such weight as they saw fit.

At the conclusion of the argument by the district attorney, defendants excepted "to this whole argument." The record does not purport to include all of the argument, but from such portions as are included in the bill of exceptions, we fail to perceive that defendants were prejudiced.

[4] As no motion for a directed verdict on behalf of either of the defendants was made, the question of the sufficiency of the evidence to sustain the conviction will not be considered. Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Moore et al. v. United States (C. C. A.) 1 F.(2d) 839.

We have examined all the points properly before us, and find none well taken.

Judgment affirmed.