## RAY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1926.)

No. 4477.

1. **Searches and seizures** ⊜⟶3—**Search of defendant's home for narcotics not invalid, because warrant stated that National Prohibition Act had been violated.**

Search of defendant's home for narcotics *held* not invalid, because warrant stated that National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) had been violated, in view of other statements therein, showing that Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l), had been violated.

2. **Searches and seizures** ⊜⟶3—**Affidavit for warrant to search defendant's home for narcotics not invalid, because not negativing all provisions of statute authorizing sale of narcotics.**

Affidavit for warrant to search defendant's home for narcotics *held* not invalid, because it failed to negative all provisions of statute authorizing sale of narcotics, where facts stated in affidavit as to sales made by defendant constituted probable cause for believing that Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l), was violated.

3. **Poisons** ⊜⟶9—**Conviction for sale of narcotics sustained.**

Evidence *held* to sustain conviction for sale of narcotics in violation of Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l).

4. **Criminal law** ⊜⟶404(4)—**Articles discovered on search of defendant's premises in prosecution for violation of Harrison Narcotic Act held admissible.**

In prosecution for violation of Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l), articles discovered on search of defendant's premises, which witness said were delivered to defendant by him in exchange for drugs, *held* admissible.

5. **Indictment and information** ⊜⟶110(3), 125 (19)—**Indictment in language of Harrison Narcotic Act sufficient, and not bad for duplicity.**

Count, in language of statute, in indictment for violation of Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l), for dealing in narcotics without registering and paying for and taking out a dealer's license, *held* sufficient, and not bad for duplicity.

In Error to the District Court of the United States, for the Middle District of Tennessee; John J. Gore, Judge.

Charley Ray was convicted of selling narcotics, and dealing in them without having registered and paid license fee of a dealer, and he brings error. Affirmed.

W. P. Smith, of Nashville, Tenn., for plaintiff in error.

A. V. McLane, U. S. Atty., and Howard B. Shofner, Asst. U. S. Atty., both of Nashville, Tenn.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. Plaintiff in error was convicted on two counts of an indictment, one of which charged him with selling narcotics, and the other with dealing in them without having registered and paid the license fee of a dealer. Among the errors assigned is the admission of incompetent evidence, obtained as claimed under an invalid search warrant. [1, 2] The fact that the warrant stated inadvertently that the "National Prohibition Act" (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) had been violated did not render it defective, in view of other statements therein showing that the acts committed were in violation of the Harrison Narcotic Act (Comp. St. Ann. Supp. 1923, §§ 6287g, 6287l). Nor was the affidavit on which the warrant was issued deficient. It was not necessary that the affidavit negative all provisions of the statute authorizing the sale of narcotics, in order to show probable cause for issuing the warrant. The facts stated in the affidavit as to the number of sales made, and the place and character of packages from which they were made, constituted probable cause for believing defendant was violating the law and justified the issuance of the warrant. Hence such evidence as was obtained under the warrant, if otherwise pertinent, was admissible against defendant. [3, 4] The judgment of conviction as to the sale is sustained by the evidence. Woods testified to the purchases, and there were rightly introduced in evidence the articles discovered on the search of the premises, which, as the witness said, were delivered to defendant by him in exchange for drugs. The drugs that were purchased were offered in evidence, and in our opinion were sufficiently identified to permit of their admission. There was in these circumstances ample evidence of a sale in violation of the law.

[5] Count 3 of the indictment was not bad for duplicity. It charged defendant, not with a specific sale of morphine, but with dealing in narcotics without registering and paying for and taking out a dealer's license. It was competent to charge plaintiff with doing all the things that the licensed dealer usually did. This was done in the language of the statute, which was proper. Stubbs v. U. S., 1 F.(2d) 837.

Judgment affirmed.