## KLEMM v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
December 5, 1927.

No. 5039.

1. Larceny ⚖➝32(1)—Ownership and title of salmon alleged to have been taken from fish trap depends on proofs.

Under indictment for larceny of certain salmon from a fish trap, charging ownership in another, question of whether there was such ownership and title depends on proofs, since salmon, when reduced to possession, were subject to ownership.

2. Criminal law ⚖➝1048—Questions of minor importance will not be determined, without exceptions to rulings thereon.

Questions of minor importance will not be determined, in absence of exceptions taken or reserved to rulings complained of.

In Error to the District Court of the United States for Division No. 1 of the Territory of Alaska; Thomas M. Reed, Judge.

Val Klemm was convicted of larceny from a fish trap, and he brings error. Affirmed.

Harry G. McCain and Sherman Duggan, both of Ketchikan, Alaska, for plaintiff in error.

Justin W. Harding, U. S. Atty., and Howard D. Stabler, Asst. U. S. Atty., both of Juneau, Alaska.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charged the larceny from a fish trap of certain salmon, of the value of more than $35, of the personal property, goods, and chattels of the Pure Food Fish Company, a corporation. Upon the trial in the court below a verdict of guilty was returned, and to review the judgment on the verdict this writ of error was prosecuted.

The first contention of the plaintiff in error is that it does not appear from the indictment that the Pure Food Fish Company had any property in the fish confined in the trap, and that therefore no crime was committed. It will be conceded, of course, that no person has any property in fish in the ocean; but, as said by the court in Miller v. United States (C. C. A.) 242 F. 907, L. R. A. 1918A, 545:

"Fish in the Atlantic Ocean belong to nobody until they have been reduced to possession. After this has been done, the individual that has acquired the possession gains a qualified right of property, that may be the subject of larceny. They are reduced to possession when the individual so confines them within his immediate power that they cannot escape and resume their natural liberty."

See, also, 3 C. J. 19.

[1] The property described in the indictment, when reduced to possession, was the subject of ownership, and, inasmuch as the indictment charged ownership in the Pure Food Fish Company, the question whether there was such ownership and title would depend upon the proofs introduced at the trial.

[2] The plaintiff in error assigns as error the exclusion of testimony tending to show the similarity between two boats, a statement by the court to the effect that two wrongs do not make a right, and the giving of certain instructions. No exceptions were taken or reserved to any of the rulings complained of, and in such circumstance the questions are not of sufficient importance to call for or justify discussion. See Bilboa v. U. S. (C. C. A.) 287 F. 125.

The judgment is affirmed.