COMMONWEALTH *vs.* EDWARD LAFAYETTE.

Norfolk.    November 26, 1888. — December 3, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Agency of Seller's Wife — Exceptions — Point not taken at Trial.*

At the trial of a complaint for an unlawful sale of intoxicating liquors, the alleged purchaser testified, on direct examination, that, upon going to the defendant's house, he found in the kitchen the defendant and a woman that he supposed to be his wife ; that he poured rum out of a bottle on the table and drank it ; and that he thereupon threw down some money and left the house. On cross-examination he testified that he did not see the defendant, but that the woman, at his request, brought him the glass of rum, and said, " I will call my husband, if you wish to see him, he is in the next room." The judge instructed the jury, that, if they should find that the wife sold the rum as the agent of her husband, the defendant, they could find him guilty. *Held*, that the purchaser's direct testimony, if believed, was sufficient to warrant a conviction ; and that the instruction as to the woman's agency was proper, in view of his testimony on cross-examination.

A point not taken at the trial is not open upon a bill of exceptions.

COMPLAINT to the District Court of East Norfolk for an unlawful sale of liquors, on September 30, 1886, to John O'Brien. At the trial in the Superior Court, on appeal, before *Blodgett*, J., O'Brien testified, on direct examination, that he went to the house of the defendant at Quincy, and, entering the kitchen, found there the defendant and a woman that he supposed to be the defendant's wife ; that he saw on the defendant's table

a bottle, out of which he poured a drink of rum and drank it; and that he threw on the table a ten-cent piece and left the house, having been there a minute or two. Upon cross-examination, he testified that he could not tell what money he threw down; that he did not look at it; that it might have been a cent or a button; that he asked the woman for some "hard stuff," and that she brought him the glass of rum; that he did not see the defendant there on the premises, but that the woman said, "I will call my husband if you wish to see him, he is in the next room"; that he told her that he did not; and that he did not hear any answer from the defendant when she did call, as he thought she did. The judge refused to rule, as requested by the defendant, that there was not sufficient evidence to warrant a verdict of guilty, and, against the defendant's objection, instructed the jury, that, if they should find that the wife sold the rum as the agent of her husband, the defendant, they could find him guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. L. Eldridge*, for the defendant.

*A. J. Waterman*, Attorney-General, for the Commonwealth.

C. ALLEN, J. 1. The defendant argues that there was no sufficient evidence; that the testimony of O'Brien destroyed itself. This argument would be proper before the jury, and on a motion for a new trial; but the direct testimony of O'Brien, if believed, was sufficient to warrant a conviction.

2. The points that there was no evidence that the sale testified to in the Superior Court was the same that was testified to in the District Court, and that the woman referred to by O'Brien was the defendant's wife, were not taken at the trial, and are not open now.

3. The instruction as to the woman's agency for the defendant was proper, in view of O'Brien's testimony on cross-examination.

*Exceptions overruled.*