## SINGER v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. April 11, 1923.)

No. 2962.

1. **Intoxicating liquors ☞260—What constitutes maintaining nuisance.**

The test of a nuisance under National Prohibition Act, tit. 2, § 21, is not the number of sales or the length of time liquor is kept on the premises, but whether the place is maintained for the keeping and sale of liquor in the sense of the statute, and, other essentials being present, a single sale may establish the fact.

2. **Intoxicating liquors ☞260—"Kept," in statute, means kept for commercial purposes.**

The word "kept," as used in National Prohibition Act, tit. 2, § 21, relating to nuisance, read in connection with the words with which it is immediately associated, means kept for sale or barter or other commercial purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Keep.]

3. **Intoxicating liquors ☞224—Agency of wife for husband in sale of liquor may be inferred from the circumstances.**

Agency of a wife for her husband in a sale of liquor on the husband's premises, even when he is absent, and even when he is ignorant of the sale, may be inferred from the circumstances.

4. **Intoxicating liquors ☞174—Same acts may constitute separate offenses of unlawful possession of liquor and maintaining nuisance.**

The unlawful keeping of liquor for sale on his premises by a defendant may constitute the separate offenses of unlawful possession of liquor and maintaining a common nuisance.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Barnet Singer. Judgment of conviction, and defendant brings error. Affirmed.

J. J. Weinberger, of Passaic, N. J. (Weinberger & Weinberger, of Passaic, N. J., of counsel), for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Harlan Besson, of Hoboken, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Schiffmann, a federal prohibition agent, accompanied by Katz, a bootleg liquor "salesman," visited the premises of Barnet Singer in Clifton, New Jersey. There he met Singer and his wife. Leaving Singer in the yard, Katz took Schiffmann upstairs where Mrs. Singer showed them twenty-five gallons of liquor, gave Schiffmann a sample and offered to sell him the lot, payment and delivery to be made the next day. Later, Schiffmann talked with Singer and contracted to buy from him two hundred and fifty gallons of liquor to be paid for and taken the following day. On that day, Schiffmann went to the Singer premises with a truck for the ostensible purpose of removing the liquor he had purchased, but instead he ar-

rested Singer and seized the twenty-five gallons he had inspected. This was all he found.

[1] Singer was tried on two counts of an information. By one count he was charged with maintaining a common nuisance in that he kept intoxicating liquors on his premises in violation of Section 21, Title 2, of the National Prohibition Act. Act of October 28, 1919, 41 Stat. 305. By the other count he was charged with having and possessing intoxicating liquors in violation of Section 25, Title 2, of the same act. Upon conviction, Singer was sentenced to imprisonment on the first count and to the payment of a fine on the second. He then sued out this writ, assigning many errors in the trial which when compressed raise the three questions he has discussed in his brief. The first is whether the trial court erred in refusing to dismiss the first count or to direct a verdict of acquittal thereon. In support of this position Singer contends that, though admittedly liquor was found on his premises, there is no evidence he kept it there for the purpose of sale; that, though there is evidence he offered to sell liquor, it was but a single offer and involved but one transaction of sale, covering, at most, two days, and that, as it lacked the quality of continuous sales, it does not sustain the charge of maintaining a nuisance.

[2] That liquor was found on Singer's premises is not disputed. That he kept it there is a fact now established by the verdict of the jury as against his testimony that Schiffmann planted it as a frame-up. The purpose for which Singer kept the liquor was properly to be inferred from what was done with it, namely, its offer for sale; and the use to which the premises were put was likewise to be inferred from what was done upon them, namely, the keeping of liquor for sale. There was, therefore, enough evidence to sustain the charge of maintaining a nuisance within the definition of the statute—if one transaction of sale covering one day and another covering two days are sufficient to establish the character of the place. The statute provides that:

"Any * * * house * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this Title * * * is hereby declared a common nuisance." Title 2, § 21.

The words "sold" and "kept" in this section are the ones applicable to the case at bar. The word "sold" tells its own meaning. The word "kept," read in connection with the words with which it is immediately associated, "means kept for sale or barter or other commercial purpose." Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 92, 41 Sup. Ct. 31, 32 (65 L. Ed. 151, 10 A. L. R. 1548). The test of the statutory nuisance, therefore, is not the number of sales or the length of time liquor is kept upon the premises, but is whether the place is maintained for the keeping and sale of liquor in the sense of the statute. Other essentials being present, a single sale may establish the fact. Young v. United States (C. C. A. 9th) 272 Fed. 967; Wiggins v. United States, (C. C. A. 2d) 272 Fed. 41; Gray v. United States (C. C. A. 6th) 276 Fed. 395; United States v. Eilert B. & B. Co. (D. C.) 278 Fed. 659. And the keeping of liquor for this unlawful purpose for a single day

may constitute the offense. Feigin v. United States (C. C. A.) 279 Fed. 107.

[3] The next error with which the court is charged was admitting in evidence the conversation of Singer's wife with Schiffmann wherein she offered to sell him twenty-five gallons of liquor. Singer bases this assignment on the contention that if this quantity of liquor was offered for sale it was not offered by him but by his wife, and that, if offered by his wife, it was without his authority, thereby raising in the alternative two questions; one, the filing of the information against the wrong person; and the other, his conviction upon testimony of his wife without adequate proof of her agency. Of course, if Mrs. Singer in selling the twenty-five gallons of liquor to Schiffmann was not acting as agent for her husband or was not acting under his coercion, what she said at the time of this sale was improperly admitted. But whether she was acting as her husband's agent or under his influence were matters open to proof. The fact that she was the defendant's wife did not destroy her capacity to act as his agent. Proof of her agency was admissible just as proof of agency of an ordinary bartender is admissible. Also the fact that she was the wife of the defendant who was engaged in unlawful trade raises the question of the coercion of her husband in inducing her participation, although at the moment of the sale he was absent. Agency of the wife in the sale of liquor on her husband's premises, even when he is absent, and even when he is ignorant of the sale, may be inferred from the circumstances, Commonwealth v. Lafayette, 148 Mass. 130, 19 N. E. 26; Wiggins v. United States (C. C. A.) 272 Fed. 41, 45; and the husband's coercion of his wife unlawfully to conduct his business in his absence may likewise be gathered from the circumstances. State v. Martini, 80 N. J. Law, 685, 78 Atl. 12. There is in this case no evidence that Mrs. Singer was acting for herself, but there is, we think, sufficient evidence to enable a jury to find that she was acting either as her husband's agent or passively under his influence.

[4] The remaining error assigned in the proceedings below was the refusal of the trial court to arrest the judgment on the contention that the offense of possessing liquor charged in the third count is the same as that of maintaining a nuisance charged in the first count. Stated differently, the defendant maintains that he has been tried and convicted under two counts for the same crime and there have been imposed upon him two punishments for the same offense. Possession of liquor is necessarily an element in the offense of maintaining a nuisance by keeping liquor for sale, just as possession of liquor may be an element in the offense of its transportation. Massey v. United States (C. C. A.) 281 Fed. 293, 296. The National Prohibition Act denounces both the latter acts when unlawfully done. It also denounces, by separate provisions, the unlawful possession of liquor and the unlawful keeping of liquor in a way it has defined as a nuisance.

The courts have held generally that:

"Separate acts, though parts of a continuous transaction may be made separate crimes by the legislative power, as in the case of one who unlawfully breaks and enters a building with intent to steal, and thereupon does steal while in the building." Morgan v. Devine, 237 U. S. 632, 638, 640, 35 Sup. Ct.

712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 630, 35 Sup. Ct. 710, 59 L. Ed. 1151; Morris v. United States, 229 Fed. 516, 521, 143 C. C. A. 584; Morgan v. Sylvester, 231 Fed. 886, 888, 146 C. C. A. 82; Burton v. United States, 202 U. S. 344, 377, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Massey v. United States (C. C. A.) 281 Fed. 293, 296.

And they have held specifically that the offense of unlawfully possessing liquor is a distinct offense from that of the unlawful transportation of liquor, and that the offense of unlawfully possessing liquor is a distinct offense from that of maintaining a nuisance for the unlawful sale of liquor. For these several offenses, separate convictions may be had and separate sentences imposed. Massey v. United States (C. C. A.) 281 Fed. 293, 296; Page v. United States (C. C. A.) 278 Fed. 41, 44, 45; Bell v. United States (C. C. A.) 285 Fed. 145, 147.

The judgment below is affirmed.