## STOECKO v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. September 30, 1924.)

No. 3121.

1. **Criminal law** ⨪493—Testimony that article is whisky is sufficient to establish that it is intoxicating liquor.

Testimony of persons familiar with the taste and smell of whisky that a certain liquid was whisky is sufficient to establish the fact that it was intoxicating liquor, and it is not necessary to prove its alcoholic content.

2. **Criminal law** ⨪1159(2)—That verdict is against weight of evidence not assignable as error.

That a verdict is against the weight of evidence is not assignable as error, under Rev. St. § 1011 (Comp. St. § 1672).

3. **Intoxicating liquors** ⨪236(9) — Evidence held to sustain conviction for maintaining nuisance.

Possession of intoxicating liquor in a place kept by defendant as saloons ordinarily are *held* sufficient, under National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t), to sustain a conviction for maintaining a nuisance under title 2, § 21 (Comp. St. Ann. Supp. 1923, § 10138½jj).

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against John Stoecko. Judgment of conviction, and defendant brings error. Affirmed.

John J. Murphy, of Newark, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., Walter D. Van Riper, Asst. U. S. Atty., of Newark, N. J., and Thomas V. Arrowsmith, of Long Branch, N. J., for the United States.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge. The plaintiff in error, hereinafter called the defendant, was convicted of violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) upon a criminal information containing two counts.

In the first count, the defendant was charged with having and possessing whisky, "that is to say, intoxicating liquor, then and there containing more than one-half of one per centum of alcohol by volume, which was then and there fit for beverage purposes."

In the second count, he was charged with maintaining a common nuisance, "that is to say, a place at 186 South Orange avenue, Newark, in said state and district of New Jersey, where intoxicating liquor, namely, whisky, was kept in violation of title II of

the National Prohibition Act, which said intoxicating liquor then and there contained more than one-half of one per centum of alcohol by volume and was then and there fit for use for beverage purposes."

There was evidence that, late in the evening of April 7, 1923, two federal prohibition agents visited the premises of the defendant at 186 South Orange avenue, Newark, which was equipped as an ordinary saloon, with a barroom. Upon entering the barroom, they saw two men seated at a table and a woman standing. As they entered the room, the woman grabbed two glasses from the table and went toward the washstand. One of the agents took the glasses, each containing a few drops of liquid. They both smelled the glasses, and testified they had the odor of whisky. In a room back of the barroom, upon a shelf over the doorway, they found two bottles partly full of a liquid which they tasted and smelled, and which they testified was whisky. The agents testified that they were familiar with the smell and taste of whisky. The two bottles, with their contents, were labeled for identification and taken to the prohibition director's office, but were not produced at the trial.

Error is assigned, in that (1) there was no evidence produced on the part of the government to show that the liquor contained more than one-half of 1 per centum of alcoholic contents; (2) the reasonable doubt should have been in favor of the defendant; (3) the verdict was against the weight of the evidence.

[1] Under the first assignment of error, it was contended on the part of the defendant that, inasmuch as the two bottles containing liquor were seized and were in the possession of the prohibition officials, the testimony of the witnesses, based on their sense of smell and taste, that the bottles contained whisky, was not the best evidence, and that the prosecution should have proved the alcoholic contents of the liquor by its production before the jury and its analysis by a chemist. While the analysis of the liquor seized by one skilled to make such analysis is always received as evidence to determine the kind of liquor and its alcoholic content, the courts have generally recognized, not only the fact that the intoxicating nature of fermented or spirituous liquors is a matter of common knowledge, not requiring expert testimony, but that an observer may state that a given article perceived by his senses was whisky or other intoxicating liquor. Chamberlayne on Evidence, § 1839, and cases there cited.

One who has drunk whisky, who is familiar with its taste and smell, may give opinion evidence as to whether the beverage sold and drunk was whisky. If it appears that the article is whisky, no further proof is necessary to conclude that it contains more than one-half of 1 per centum of alcohol, for it is a matter of common knowledge that whisky has a greater alcoholic content than one-half of 1 per centum. Lewinsohn v. United States (C. C. A.) 278 Fed. 421; Rose v. United States (C. C. A.) 274 Fed. 245. There was, therefore, substantial evidence that the liquor found upon the premises was whisky, and, it being whisky, it followed that its alcoholic content was in excess of one-half of 1 per centum. Strada v. United States (C. C. A.) 281 Fed. 143.

There is no merit in the second assignment of error. The jury was fully instructed upon what constitutes reasonable doubt, and upon the right of the defendant to have a reasonable doubt resolved in his favor. It was for the jury to determine whether there was a reasonable doubt in their minds.

[2] That the verdict was against the weight of the evidence is not assignable as error. Section 1011, R. S. (Comp. St. § 1672), provides that there shall be no reversal in the Supreme Court or in a Circuit Court for any error of fact. A Circuit Court of Appeals will not reverse because of an assignment that the verdict was against the weight of the evidence. E. I. Du Pont Co. v. Waddell, 178 Fed. 407, 101 C. C. A. 335; Toledo, St. L. & W. R. Co. v. Howe, 191 Fed. 776, 112 C. C. A. 262.

[3] While not supported by an assignment of error, the argument of the defendant is directed in large part toward the contention that a single offense of unlawful possession or sale of intoxicating liquor is not sufficient to sustain the charge of maintaining a common nuisance. The possession of liquors by one maintaining a saloon is made prima facie evidence by section 33 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½t) that such liquor is kept for the purposes constituting the premises a nuisance under section 21 (Comp. St. Ann. Supp. 1923, § 10138½jj), and this court has held that a single sale or brief possession, when accompanied by facts showing that the place where the sale was made or possession had was maintained for keeping and selling intoxicating liquor, is sufficient to sustain the charge of maintaining a statutory nuisance. Singer v. United

States (C. C. A.) 288 Fed. 695; Hohenadel Brewing Co. v. United States (C. C. A.) 295 Fed. 489.

The evidence that the place was maintained as saloons ordinarily are, that the defendant was the proprietor and was present behind the bar, that the glasses taken from the table in the barroom where men had been seated contained sufficient whisky for the witnesses to identify it as such, that a woman was seen standing at the table and attempted to carry the glasses away to the washstand, and that bottles partly filled with whisky were found upon a shelf in a room back of the barroom was proof of sufficient circumstances in connection with the prima facie evidence sanctioned under section 33 to go to the jury for the determination of the purpose for which the liquor was there kept and the responsibility of the defendant for its being so kept.

Perceiving no error in the record, the judgment is affirmed.