### RAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926.)

No. 7064.

Criminal law ⟨⟩1036(8), 1044, 1054(3)—Conviction will not be reversed for insufficiency of evidence, in absence of objections, exceptions, or motions, unless court is satisfied there has been a miscarriage of justice.

In the absence from the record of any exceptions, motion for direction of verdict, or objection to instructions, an appellate court is not justified in reversing a judgment for insufficiency of evidence, unless satisfied that there has been a miscarriage of justice.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Criminal prosecution by the United States against Bass Ray. Judgment of conviction, and defendant brings error. Affirmed.

J. Q. A. Harrod, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., of Oklahoma City, and Leslie E. Salter, Asst. U. S. Atty., of Tulsa, Okl.

Before SANBORN, Circuit Judge and MUNGER and JOHNSON, District Judges.

SANBORN, Circuit Judge. The defendant below was indicted, tried, and convicted, and sentenced for the unlawful purchase, not in or from an original stamped package, of nine grains of morphine. Counsel for the defendant in his brief concedes that the record of the trial in this case is "void of any exceptions, motions to direct a verdict, or objections to the instructions," and adds: "We are forced to rely upon that inherent right that this court has to review a verdict and record, where liberty and life is involved, to prevent a miscarriage of justice, and we most earnestly ask the court to review this record, for the purpose of determining whether or not there has been such miscarriage of justice."

This appellate court ought not, therefore, in view of the numerous cases waiting on lawful requests for reviews of the evidence therein, to delay the decisions in those cases to decide the sufficiency of the evidence in this case, unless it is satisfied that there has been a miscarriage of justice here. Feinberg v. United States (C. C. A.) 2 F.(2d) 955, 956; Damico v. Firemen's Fund Ins. Co. (C. C. A.) 5 F.(2d) 318, 319. At counsel's request we have thoughtfully read the evidence, the instructions of the court, and the briefs of counsel for the parties in this suit, to ascertain whether or not there was a miscarriage of justice here, and we are not convinced that there was.

The judgment below is therefore affirmed.