### APT et al. v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. May 5, 1926.)

#### No. 7070.

1. Criminal law ⊛◯1170½(5)—Cross-examination of defendant as to matter not covered by his examination in chief held not to require reversal, where his connection with conspiracy charged was directly and positively proved (National Prohibition Act, Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

In prosecution against federal prohibition agents for conspiring to extort money from persons violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), cross-examination of one defendant as to purchase of certain furniture, as to which he was not examined in chief, did not require reversal, where his connection with conspiracy was directly and positively proved.

2. Criminal law ⊛◯1170½(5)—If improper cross-examination probably prejudiced jury against accused, it would be duty of appellate court to reverse conviction.

If it was probable that improper cross-examination of accused prejudiced jury against

*Rehearing denied October 11, 1926.

him, it would be duty of appellate court to reverse conviction in interest of justice.

3. **Criminal law** ⟜1170½(5)—Where prohibition agent's connection with conspiracy to extort money was clearly proved, improper cross-examination as to his relations with certain woman held not prejudicial (National Prohibition Act, Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

Where federal prohibition agent's connection with conspiracy to extort money from persons violating National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), was clearly proved, *held*, that cross-examination of such defendant as to his association with woman impliedly of a bad character, though improper and indefensible, was not prejudicial.

In Error to the District Court of the United States for the Western District of Missouri; Albert L. Reeves, Judge.

Elton Apt and others were convicted of having conspired to extort money under cover of their employment as prohibition agents from persons found violating the National Prohibition Act, and they bring error. Affirmed.

Walter W. Calvin, of Kansas City, Mo., (Paul S. Conwell, Clarence Wofford, and Bert S. Kimbrell, all of Kansas City, Mo., on the brief), for plaintiffs in error.

R. R. Brewster, Sp. Asst. to Atty. Gen.

Before SANBORN, Circuit Judge, and MUNGER and JOHNSON, District Judges.

JOHNSON, District Judge. Plaintiffs in error from October, 1922, to May, 1924, were prohibition agents engaged in the enforcement of the national prohibition Act, with headquarters at Kansas City, Mo. In May, 1924, an indictment was returned in the court below, in which plaintiffs in error, with others, were charged with having entered into a conspiracy to extort money under cover of their employment from persons found violating the Prohibition Act. At the trial plaintiffs in error were convicted, and each of them was fined $2,000 and sentenced to two years' imprisonment at Leavenworth. The case is in this court for review.

In the assignment of errors filed in the court below, plaintiffs in error assigned seven alleged errors as occurring at the trial and relied upon to secure a reversal of the judgment. The first, second, fifth, and sixth of these alleged errors have not been argued in the brief and will not be considered.

The seventh assignment is based upon the refusal of the trial court to give a directed verdict in his favor, as requested by each defendant. That the conspiracy was formed, and that the defendants Apt, Curran, and Wilcox were parties to it, may not be fairly questioned. Evidence showing the conspiracy and connecting these defendants with it was overwhelming, and after thoughtful consideration we are satisfied that the evidence made a case for the jury against the defendant Storms also. It is argued under this assignment that the evidence was insufficient to establish any one of the overt acts alleged in the indictment. This contention is without merit, particularly in respect to the fourth and fifth of the overt acts alleged in the indictment.

[1] The third and fourth assignments are based upon alleged improper cross-examinations by government counsel of the defendants Apt and Wilcox, who testified as witnesses at the trial. The defendant Wilcox was cross-examined about a purchase of furniture he had made at the store of one Max Ranin, concerning which he had not been examined in chief. It is very doubtful whether the direct examination was broad enough to make this cross-examination proper, under the rule stated by this court in Tucker v. United States, 5 F.(2d) 818; but the proof of the connection of the defendant Wilcox with the conspiracy charged was so direct and positive, and proven by so many witnesses, that it would be unreasonable to suppose the verdict of the jury was to the slightest extent influenced by this cross-examination, or because they learned by it that the witness Wilcox had at one time purchased a bed at the store of Max Ranin.

[2, 3] The cross-examination of the defendant Apt by government counsel was after the most approved police court methods. Of the 14 pages of the record containing the cross-examination of the defendant Apt, 8 are devoted to the association of the witness with a woman impliedly of bad character. As an example of the style of cross-examination indulged in by government counsel we quote: "Q. You lived with this woman, didn't you, and used to get drunk and beat her up? A. No, sir." The question was objected to and exception taken. If it were probable the cross-examination had prejudiced the jury against the defendant to the extent of influencing their verdict, it would be the duty of the court to reverse the verdict in the interest of justice. But this cross-examination, though improper, could not have been prejudicial. The connection of the defendant Apt with the conspiracy charged in the indictment was so clearly shown, and the verdict of the jury such a righteous one, that it would

be a miscarriage of justice to reverse it on account of this indefensible cross-examination.

Many alleged errors, not assigned as errors, are discussed in the brief of defendants. As there has been no miscarriage of justice in this case, no reason exists for their consideration. Ray v. United States (C. C. A.) 13 F.(2d) 126.

The judgment of the court below as to each of the defendants will be affirmed; and it is so ordered.