## MARCO et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
May 21, 1928.

No. 5386.

1. Criminal law ⊚⟹1036(8)—Where sufficiency of testimony was not raised at conclusion of testimony, it will not be considered by appellate court, except to see that justice has not miscarried.

Where sufficiency of testimony to support verdict of conviction was not raised at conclusion of all the testimony in the trial court, question is not reviewable by appellate court, and under such circumstances appellate court will only look into record to see that there has been no miscarriage of justice, or that there is some testimony tending to support verdict.

2. Intoxicating liquors ⊚⟹236(6½, 9)—Evidence held sufficient to warrant conviction for possessing liquor and maintaining nuisance.

Evidence held sufficient to warrant conviction for possessing intoxicating liquor and maintenance of common nuisance, as against objection raised for first time on writ of error review.

3. Intoxicating liquors ⊚⟹143—Single sale or keeping of liquor for brief period, with other circumstances, may constitute statutory "nuisance" (National Prohibition Act [27 USCA]).

The test of the existence of statutory liquor nuisance, under National Prohibition Act (27 USCA), is not the number of sales made or the length of time during which intoxicating liquor is kept on the premises, but a single sale, or the keeping of intoxicating liquor for a brief period, with other circumstances, may be sufficient to constitute the offense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nuisance.]

4. Criminal law ⊚⟹200(4)—Conviction for possessing liquor and maintaining nuisance, involving same liquor, does not constitute "double jeopardy" (National Prohibition Act [27 USCA]; Const. Amend. 5).

Conviction of possessing intoxicating liquor and for unlawful maintenance of common nuisance, in violation of National Prohibition Act (27 USCA), though involving same liquor, does not constitute "double jeopardy," within Const. Amend. 5.

5. Criminal law ⊚⟹1035(3)—Misconduct of jurors in reading newspaper commenting on case held not to require reversal, where objection was not raised until after verdict.

That some of jurors, before argument and submission of case, were observed reading newspaper containing comments on trial, and reflecting on character or reputation of one of defendants, and commenting on testimony of prejudicial nature excluded by court, held not to require reversal, where objection was not made until after verdict, in absence of showing that question of misconduct might have been called to

court's attention before submission of case, and before verdict.

**6. Criminal law ⊜➤1202(3)—Defendant's testimony that to his recollection he did not appear in court and plead guilty held not to overcome recitals to that effect in prior judgment of conviction.**

As respects prior conviction of defendant, recitals in judgment of conviction that defendant appeared in court in person and entered plea of guilty *held* not, as a matter of law, overcome or disproved by defendant's testimony that to his recollection he did not appear in court or enter plea of guilty.

In Error to the District Court of the United States for the Southern District of California; Paul J. McCormick, Judge.

Albert Marco and another were convicted of unlawful possession of intoxicating liquor and the unlawful maintenance of a common nuisance, and they bring error. Affirmed.

Harold C. Faulkner and James B. O'Connor, both of San Francisco, Cal., and Thomas P. White, Vincent C. Hickson, and A. P. G. Steffes, all of Los Angeles, Cal., for plaintiffs in error.

Samuel W. McNabb, U. S. Atty., and Donald Armstrong, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under two counts of an information charging the unlawful possession of intoxicating liquor and the unlawful maintenance of a common nuisance. The grounds for reversal are insufficiency of the evidence to support the verdict and judgment, double jeopardy, and misconduct on the part of certain members of the jury.

[1] The sufficiency of the testimony to support the verdict was not raised at the conclusion of all the testimony in the court below, and for that reason the question is not properly before us for review. Under such circumstances courts will only look into the record far enough to see that there has been no miscarriage of justice, or that there is some testimony tending to support the verdict.

[2, 3] It appears from the testimony that prohibition agents entered a so-called clubroom or café in the city of Los Angeles, where a number of men were assembled, some of whom were engaged in drinking intoxicating liquor. Within the place were found a counter or bar, about 100 bottles of beer, a pitcher containing about a quart of moonshine whisky, a case of gin and whisky, and a large assortment of glasses of various kinds, some of which contained dregs of intoxicating liquor. There was no evidence of sales or other violations of the National Prohibition Act (27 USCA), aside from the unlawful possession of the intoxicating liquor; but, notwithstanding this, we are far from convinced that there was not substantial testimony tending to show that the place was maintained for the keeping and sale of intoxicating liquor within the meaning of the statute. The test of the statutory nuisance is not the number of sales made or the length of time during which intoxicating liquor is kept on the premises. A single sale, or the keeping of intoxicating liquor for a brief period, with other attendant circumstances, may be sufficient to constitute the offense. Singer v. United States (C. C. A.) 288 F. 695; Stoecko v. United States (C. C. A.) 1 F.(2d) 612. We think that such a case was presented here. And if the crimes were in fact committed the jury was warranted in finding that the plaintiffs in error aided and abetted their commission, if nothing more.

[4] The claim of double jeopardy, because of conviction for unlawful possession and maintaining a common nuisance, is answered adversely to the plaintiffs in error by the decision of the Supreme Court in Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505.

[5] It appears, from affidavits filed in support of a motion for a new trial, that some of the jurors were observed reading the front page of a newspaper which contained comments on the trial, reflecting in a measure on the character or reputation of one of the plaintiffs in error, and also commenting on testimony of a prejudicial nature excluded by the court. The incident occurred before the argument and before the submission of the case, and there was no showing that the question of misconduct might not have been called to the attention of the court before the submission of the case and before verdict. Had this been done, the court could have ascertained whether the newspaper article was in fact read by the jurors, and, if so, whether it would affect their verdict, and the court could also have instructed the jury to disregard the newspaper comment, or declare a mistrial, if need be. Under such circumstances, we think the objection came too late, and that the complaining parties should not be permitted to speculate on the result of the trial before calling the question of misconduct to the attention of the trial court. Bowers v. United States (C. C. A.) 244 F. 641.

[6] It is further contended that there was a failure of proof as to the prior conviction of one of the plaintiffs in error. A judgment showing such conviction, and reciting that the plaintiff in error in question appeared in court in person and entered a plea of guilty, was offered in evidence; but, in opposition to the judgment and the recitals therein contained, the party against whom the judgment was rendered testified that "to his recollection" he did not appear in court or enter the plea of guilty as claimed. The instructions of the court have not been brought up, so that we are not advised as to the issues submitted to the jury. If the question of the presence of the party and the plea of guilty was in fact submitted to them, the jury may have found against the complaining party, and, if so, it is quite apparent that the uncertain testimony of an interested party, to which we have referred, did not as a matter of law overcome or disprove the recitals contained in the record of conviction. For this reason we need not inquire whether testimony thus tending to impeach the judgment was competent or admissible for any purpose.

The judgment is affirmed.