**TURLUK et al. v. UNITED STATES.**

**No. 5993.**

Circuit Court of Appeals, Ninth Circuit.
March 24, 1930.

W. L. A. Calder, of Billings, Mont., for appellants.

Wellington D. Rankin, U. S. Atty., and Howard A. Johnson and Arthur P. Acher, Asst. U. S. Attys., all of Helena, Mont.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Appellants were convicted on two counts for violation of the National Prohibition Act (27 USCA §§ 12 and 33); one count unlawful possession of intoxicating liquor, and another maintenance of a common nuisance wherein intoxicating liquors were possessed and kept in violation of the National Prohibition Act.

Appellants urge as ground for reversal insufficiency of the evidence to support the

verdict. This question was not raised in the court below by challenge to the sufficiency of the evidence at the conclusion of the testimony, and, under the repeated holdings of this court, may not be reviewed (see Stubbs v. United States, 1 F.(2d) 837; Schindler v. United States, 24 F.(2d) 204; Marco v. United States, 26 F.(2d) 315; Murphy v. United States, 35 F.(2d) 1019), except to see, as stated in the Marco Case, that justice has not miscarried. This case is on "all fours" with Murphy v. U. S., supra.

Appellants seek review by reason of a motion to strike certain testimony, which was denied. This was renewed in a motion for new trial, and on denial of motions error is predicated. This is not sufficient. It merely challenges a step in the proceeding of the trial.

Nor can the court say that justice has miscarried because a prohibition agent, three years in service, who tasted many samples of various liquors, including beer, testified, without objection, that the beer found on the premises of the appellants was intoxicating, and on cross-examination stated that it contained approximately 4 per cent. of alcohol. It is urged that a chemical analysis was essential and that the testimony of the agent was insufficient. Justice did not miscarry.

Affirmed.