### WINKELSTEIN v. UNITED STATES.
#### No. 4771.

Circuit Court of Appeals, Third Circuit.
July 8, 1932.

Rehearing Denied Oct. 1, 1932.

Philip Monheit, of Atlantic City, N. J., for appellant.

Phillip Forman, U. S. Atty., and Walter B. Petry, Asst. U. S. Atty., both of Trenton, N. J.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. The defendant was charged under separate counts of an information with unlawful possession of intoxicating liquor and with maintaining a nuisance. He was convicted and sentenced on both counts.

Prohibition agents entered the Lobster, a restaurant in Atlantic City, N. J., where they purchased eight drinks of whisky and four rye highballs. A search warrant was issued on affidavit of one of the agents and was served upon the defendant as proprietor. Two one-pint bottles of whisky were found behind the bar, two half-barrels of unlabeled beer on tap, and eight half-barrels of unlabeled beer in the cellar. Samples were taken, and the rest of the liquor was destroyed. The samples were of illegal alcoholic content, and were fit for beverage purposes.

The defendant testified that he was the proprietor of the Lobster; that he operated the place solely as a restaurant; that he did not sell liquor to anybody and did not authorize anybody to sell liquor for him. He specifically denied knowledge of the fact that there was whisky on the premises, but made no statement as to the beer.

The case was properly submitted to the jury. There was ample evidence to sustain the charges in the information. It was not necessary for the government to prove that the defendant personally participated in the sale of the liquor. The jury could properly infer from the evidence that those who made the sales in the defendant's restaurant did so as his agents, that the place known as the Lobster was maintained for the keeping and sale of liquor, and that the defendant maintained a nuisance in violation of the statute. Singer v. United States (C. C. A.) 288 F. 695, 696. In that case this court defined a nuisance as follows: "The test of the statutory nuisance, therefore, is not the number of sales or the length of time liquor is kept upon the premises, but is whether the place is maintained for the keeping and sale of liquor in the sense of the statute. Other essentials being present, a single sale may establish the fact."

We find no material errors in the charge of the court below.

The judgment is therefore affirmed.