**KELLY v. UNITED STATES.**
**No. 1133.**

Circuit Court of Appeals, Tenth Circuit.
April 2, 1935.

James H. Mathers and James C. Mathers, both of Oklahoma City, Okl., for appellant.

Wm. C. Lewis, U. S. Atty., and Francis M. Dudley, Asst. U. S. Atty., both of Oklahoma City, Okl., for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Appellant and others were charged by indictment with a conspiracy to kidnap, transport in interstate commerce, and hold for ransom Chas. F. Urschel, in violation of the Act of Congress approved June 22, 1932 (47 Stat. 326 [see 18 USCA § 408a et seq.]). Appellant was convicted, and sentenced "to the custody of the Attorney General of the United States, or his authorized representative, for confinement in a Federal Institution for Women, during her natural life."

The bill of exceptions does not show that the sufficiency of the evidence to support the verdict was challenged by proper motion during the trial.

Alleged trial errors should be called to the trial court's attention by specific objections and exceptions in order that it may have the opportunity to correct the errors. In the absence of such specific objections and exceptions, they will not ordinarily be reviewed upon appeal. Addis v. United States (C. C. A. 10) 62 F.(2d) 329; Order of United Commercial Travelers of America v. Greer (C. C. A. 10) 43 F.(2d) 499; Hoffman v. United States (C. C. A. 10) 68 F.(2d) 101; Aldridge v. United States (C. C. A. 10) 67 F.(2d) 956; Trefone v. United States (C. C. A. 10) 67 F.(2d) 954; Strader v. United States (C. C. A. 10) 72 F.(2d) 589.

There is a well recognized exception to this general rule that, in criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct plain errors in the trial of the accused which appear to have seriously prejudiced his rights, although those errors were not challenged or reserved by objections, motions, exceptions or assignments of error. Strader v. United States, supra; Addis v. United States, supra; Bogileno v. United States (C. C. A. 10) 38 F.(2d) 584.

848

■ We have carefully examined the bill of exceptions and are of the opinion that this case does not fall within the exception. The evidence supports the verdict of guilty. The contention urged that appellant acted in the presence of her husband and therefore under his coercion, is without support. The evidence shows that on numerous occasions appellant did several acts in furtherance of the conspiracy, not in the presence of her husband and under circumstances which refute any suggestion of coercion. Shannon v. United States (C. C. A. 10) 76 F.(2d) 490.

■ Certain of the errors assigned are predicated upon instructions given by the court to the jury. The instructions appear in the transcript of record, but are not incorporated in the bill of exceptions, and are therefore no part of the record proper. Addis v. United States, supra; Shepard v. United States (C. C. A. 10) 64 F.(2d) 641, reversed on other grounds 290 U. S. 96, 54 S. Ct. 22, 78 L. Ed. 196; Bailey v. United States (C. C. A. 10) 74 F.(2d) 451. They are therefore not before us for review.

■ It is contended that the Act of June 22, 1932, is unconstitutional, and the sentence imposed is arbitrary, excessive, and not in conformity with such act. These contentions were recently unsuccessfully advanced in an appeal by a co-defendant. See Bailey v. United States, supra. We adhere to the conclusions there reached.

The judgment is affirmed.