### MITTON v. UNITED STATES.
### No. 8089.

Circuit Court of Appeals, Ninth Circuit.

April 9, 1936.

C. A. Spaulding, of Helena, Mont., for appellant.

John B. Tansil, U. S. Atty., and Roy F. Allen, Asst. U. S. Atty., both of Butte, Mont., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

The indictment in this case charged appellant with selling "malt and intoxicating liquor, to wit, beer," to an Indian ward of the government under charge of an Indian superintendent and, in a separate count, charged him with introducing such liquor into the Indian country (R.S. § 2139, 25 U.S.C.A. § 241).[1] Appellant was arraigned, pleaded not guilty, waived trial by jury, was tried by the court without a jury, and, having been convicted and sentenced, prosecutes this appeal.

The record shows, without conflict or dispute, that appellant introduced into the Fort Peck Indian Reservation, in the District of Montana, certain malt liquor, to wit, beer, having an alcoholic content of 3.2 per cent. by weight, and that he sold and delivered a quantity of said liquor to Richard Crow, an Indian ward of the government under charge of an Indian superintendent. Whether these acts were sufficient to constitute the offenses charged in the indictment is the question, and the only question, raised on this appeal.[2]

This, obviously, is merely a question of the sufficiency of the evidence to sustain the judgment. No such question was rais-

---

[1] This section provides: "Any person who shall sell, give away, dispose of, exchange, or barter any malt, spirituous, or vinous liquor including beer, ale, and wine, or any ardent or other intoxicating liquor of any kind whatsoever, or any essence, extract, bitters, preparation, compound, composition, or any article whatsoever, under any name, label, or brand, which produces intoxication, to any Indian a ward of the Government under charge of any Indian superintendent or agent, or any Indian, including mixed bloods, over whom the Government, through its departments, exercises guardianship, and any person who shall introduce or attempt to introduce any malt, spirituous, or vinous liquor, including beer, ale, and wine, or any ardent or intoxicating liquor of any kind whatsoever into the Indian country, shall be punished........"

[2] Appellant contends that, as used in this statute, the words "malt liquor" and "beer" mean intoxicating malt liquor and intoxicating beer, and that beer with an alcoholic content of 3.2 per cent. is not intoxicating and is, therefore, not "malt liquor" or "beer," within the meaning of the statute.

ed in the trial court. In that court, appellant did not, by demurrer to the evidence, motion for judgment, motion for new trial, or otherwise, question the sufficiency of the evidence to warrant a conviction. Not having been raised in the trial court, this question will not be considered on appeal. Love v. United States (C.C.A. 9) 74 F.(2d) 988; Turluk v. United States (C.C.A. 9) 39 F.(2d) 75; Murphy v. United States (C.C.A. 9) 35 F.(2d) 1019; Marco v. United States (C.C.A. 9) 26 F.(2d) 315; Schindler v. United States (C.C.A. 9) 24 F.(2d) 204; McWalters v. United States (C.C.A. 9) 6 F.(2d) 224; Utley v. United States (C.C.A. 9) 5 F.(2d) 963; Lucis v. United States (C. C.A. 9) 2 F.(2d) 975; Deupree v. United States (C.C.A. 9) 2 F.(2d) 44; Moore v. United States (C.C.A. 9) 1 F.(2d) 839, 841; Stubbs v. United States (C.C.A. 9) 1 F.(2d) 837, 839.

Judgment affirmed.