## LEWIS v. UNITED STATES.

### No. 1542.

Circuit Court of Appeals, Tenth Circuit.

Nov. 23, 1937.

Hamlet J. Barry, of Denver, Colo., for appellant.

Thomas J. Morrissey, U. S. Atty., and David H. Morris, Asst. U. S. Atty., both of Denver, Colo., for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Lacey H. Lewis was charged by indictment with having transported Bonnie Wil-

liams on the fifth day of August, 1935, in interstate commerce from St. Louis, Missouri, to Denver, Colorado, with the intent and purpose to induce, entice and compel her to engage in an immoral practice, to wit, the practice of prostitution in violation of section 2 of the White Slave Traffic Act (18 U.S.C.A. § 398).

Lewis was convicted and sentenced and has appealed.

What purports to be a motion for a continuance and affidavit in support thereof and the court's ruling on the motion are set forth in the transcript, but they are not contained in the bill of exceptions. The record proper in a criminal case consists of the pleadings, process, verdict and judgment. It does not embrace interlocutory motions and rulings thereon, especially where the motion is supported by affidavits or evidence. In order to present a motion for a continuance and the ruling thereon for review, they must be embraced in a bill of exceptions. Bailey v. United States (C. C.A.10) 74 F.2d 451, 453; Pistillo v. United States (C.C.A.8) 26 F.2d 202; Chicago Great Western R. Co. v. Le Valley (C.C.A.8) 233 F. 384, 387; Wainer v. United States (C.C.A.7) 87 F.2d 77, 80, certiorari denied, 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876; Patterson Oil Co. v. Brodhead (C.C.A.5) 2 F.2d 598.

It follows that the alleged ruling on the motion for a continuance is not open to review on this appeal.

At the trial the government introduced as Exhibits A and B, memorandum books of Bonnie Williams containing accounts kept by her of her earnings as a prostitute at St. Louis, Missouri. She testified that she gave to the defendant a substantial portion of these earnings. The books were found in the baggage of the defendant in a hotel store room by R. A. Knittle, special agent for the Federal Bureau of Investigation, and police officers Finnie and Wells. On cross-examination of Knittle he was asked if he had a search warrant and replied that he did not. A motion was thereupon made to suppress the evidence. The court ruled that the motion was not well taken unless the books belonged to the defendant. The defendant in testifying in his own behalf denied that the books belonged to him and stated that they were in the handwriting of Bonnie Williams and "that they were hers."

Since the books were not the property of the defendant but belonged to Bonnie

Williams, he could not raise the objection that they were secured through an unlawful search and seizure.

In Coon v. United States (C.C.A.10) 36 F.2d 164, 165, this court said:

"Immunity from unreasonable search, guaranteed by the Fourth Amendment, is a personal right. The legality of the search of premises can be raised only by the owner, lessee or lawful occupant of the premises searched; that is, by the person whose rights have been invaded."

See, also Safarik v. United States (C. C.A.8) 62 F.2d 892; Kelley v. United States (C.C.A.8) 61 F.2d 843, 845, 86 A.L. R. 238; Graham v. United States (C.C.A. 8) 15 F.2d 740, 742; United States v. De Vasto (C.C.A.2) 52 F.2d 26, 29, 78 A.L.R. 36; Wilson v. United States, 221 U.S. 361, 380, 31 S.Ct. 538, 544, 55 L.Ed. 771, Ann. Cas.1912D, 558. In the latter case the court said:

"But the physical custody of incriminating documents does not of itself protect the custodian against their compulsory production."

In his brief counsel for the defendant challenges the sufficiency of the evidence to support the verdict. This question was not presented to the trial court by motion for a directed verdict or otherwise. The general rule is that a federal appellate court will not pass upon the sufficiency of the evidence to support the verdict where the sufficiency of the evidence was not challenged in the trial court by demurrer to the evidence or a motion for an instructed verdict. Paden v. United States (C.C.A.8) 85 F.2d 366, 368; Ray v. United States (C.C.A.8) 13 F.(2d) 126; Edwards v. United States (C.C.A.8) 7 F.2d 357; Feinberg v. United States (C.C.A.8) 2 F. 2d 955; Gillette v. United States (C.C.A. 8) 236 F. 215, 218; Love v. United States (C.C.A.9) 74 F.2d 988; Turluk v. United States (C.C.A.9) 39 F.2d 75, 76; Quarles v. United States (C.C.A.6) 274 F. 203; Herman v. United States (C.C.A.5) 48 F. 2d 479, 480; Massenberg v. United States (C.C.A.4) 19 F.2d 62, 63.

There is a well-recognized exception to this general rule that, in criminal cases involving the life or liberty of the accused, the appellate courts of the United States may notice and correct plain errors in the trial of the accused which appear to have seriously prejudiced his rights, although those errors were not challenged or re-

954

served by objections, motions, exceptions, or assignments of error. Kelly v. United States (C.C.A.10) 76 F.(2d) 847.

■ We have examined the evidence herein and are convinced that it supports the verdict of guilty. Indeed, we entertain no doubt of the guilt of the defendant. Hence, the case falls within the general rule rather than the exception thereto.

The judgment is affirmed.