**ROBERTS et al. v. UNITED STATES.**
**No. 11036.**

Circuit Court of Appeals, Eighth Circuit.
April 28, 1938.

W. Jack Moore and John L. Sullivan, both of St. Louis, Mo., for appellants.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., and Henry G. Morris, Asst. U. S. Atty., of St. Louis, Mo.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

By the indictment in this case the appellants were, in sixteen separate counts, jointly charged with the commission of sixteen offenses. The first thirteen counts charged thirteen unlawful sales of morphine, in violation of the Harrison Narcotic Act, § 2, section 1044, title 26 U.S.C., 26 U.S.C.A. § 1044, which were alleged to have been made between June 17 and June 25, 1936. The fourteenth and fifteenth counts charged unlawful possession of morphine on June 25, 1936, sections 1387–1388(c), title 26 U.S.C., 26 U.S.C.A. §§ 1387–1388 (c), and the sixteenth count charged conspiracy to commit the substantive offenses charged in the first fifteen counts, section 88, title 18 U.S.C., 18 U.S.C.A. § 88.

The appellants entered pleas of not guilty, and, upon a joint trial, the jury found each of them guilty of each offense charged. The sentences imposed upon each of them were three years' imprisonment under each of the first fifteen counts and two years' imprisonment under the sixteenth count, the sentences to run concurrently.

The appellants challenge the denial of their motions for directed verdicts of not guilty made at the close of the evidence, and certain rulings of the court upon evidence.

Since the sentences run concurrently, if the appellants were properly convicted upon any one of the first fifteen counts, there could be no reversal, even though there was insufficient evidence to sustain a conviction upon the other counts. This because a proper conviction for any one of the substantive offenses charged would be sufficient to sustain the sentence imposed. Claassen v. United States, 142 U.S. 140, 12 S.Ct. 169, 35 L.Ed. 966; Stokes v.. United States, 8 Cir., 39 F.2d 440; Flowers v. United States, 8 Cir., 83 F.2d 78, 85; Taran v. United States, 8 Cir., 88 F.2d 54, 59; Hardesty v. United States, 6 Cir., 168 F. 25; Kalen v. United States, 9 Cir., 196 F. 888; Maddelin v. United States, 7 Cir., 46 F.2d 266.

To demonstrate that the evidence introduced by the government was not insufficient to sustain a conviction of each of the appellants under at least one of the first fifteen counts of the indictment, it is only necessary to quote the following portion of the testimony of a government narcotic agent relative to the fifth, sixth, seventh, and eighth counts of the indictment, charging unlawful sales on June 19 and June 20, 1936:

"I went back to 2508 Coleman Street the next day, the 19th about 7:00 or 8:00 a. m. I knocked at the garage door and Joe Bertuglia came to the door and told me to wait. A few minutes later, Cecelia and Joe came to the door of the garage. I told them I wanted a cube of morphine. He took a red can from his pocket marked 'baking powder' and handed it to Cecelia. Cecelia took the cubes out and handed me one for which I paid Cecelia $1.50. I then left the premises, returned and called up Mr. Buck Nance turning the same goods over to him as before, first initialing the package. On the same day, in the evening, about 5:00 or 6:00 I returned. When I arrived at the rear of the house, the garage door was open—both doors were open. I saw Joe with a broom wiping up the garage. He asked what I wanted and I said I wanted two cubes. He told me to wait, walking out to the rear of the garage. He came back and handed me two cubes of morphine for which he asked $3.00. This morphine was taken from the red can marked 'baking powder'. I then got in touch with Buck Nance, initialed the package, and delivered it to him.

"On the 20th of June 1936, in the morning I made a trip up there, going to the rear of the garage and knocked at the garage door. Roberts came and asked how many I wanted. I told him one. He went away, coming back with the red can; opened it and handed me one cube of morphine for which I gave him $1.50. This also was taken from the red can marked 'baking powder' which was in the rear of the garage. .

"I went back there again the same evening; knocked at the garage door and Roberts came. I told him I wanted one cube of morphine. He dug around in the corner of the garage and produced this can, pulled a cube out and handed it to me, and I paid him the $1.50."

There was, in addition, undisputed testimony that the appellants Bertuglia were husband and wife who lived at 2508 Coleman street, St. Louis, Mo., and that Roberts, a colored man, occupied these premises with them. There was also evidence that at the times the sales were made the appellants were not registered dealers in narcotics, and that the purchaser of the morphine had not the requisite written orders entitling him to make purchases of morphine.

In their brief the appellants refer to the verdict of the jury as being against the weight of the evidence. It is elementary that, upon the trial of an action at law, the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight of the evidence; and that, upon appeal, the weight of the evidence is a matter with which this court may not concern itself. Booth v. Gilbert, 8 Cir., 79 F.2d 790, 792, 793; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 444. When the sufficiency of the evidence to support a verdict is challenged in a criminal case, this court will go no further than to ascertain whether there is any substantial evidence to support the verdict, and, in considering that question, will take that view of the evidence which is most favorable to the government. Galatas v. United States, 8 Cir., 80 F.2d 15; Marx v. United States, 8 Cir., 86 F.2d 245; Shama v. United States, 8 Cir., 94 F.2d 1, 3.

While it is of no consequence so far as the result of this case is concerned, and while the appellants make no reference to the matter, we take the liberty of directing attention to the fact that the evidence of the government apparently would not justify the conviction of the appellants under the possession counts (14 and 15) of the indictment, since the charges contained in those counts are not applicable to persons who are not dealers required or eligible to register under the Narcotic Act, and who are not

selling from an original stamped package. United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann.Cas. 1917D, 854; Lamento v. United States, 8 Cir., 4 F.2d 901; O'Neill v. United States, 8 Cir., 19 F.2d 322; Butler v. United States, 8 Cir., 20 F.2d 570.

 The sales counts (1 to 13) and the conspiracy count (16), however, are not inapplicable to the facts established by the evidence of the government, and whatever inappropriate averments any of those counts may contain can properly be treated as surplusage. Bowdry v. United States, 8 Cir., 26 F.2d 791.

The appellants complain because counsel for the government, in cross-examining appellant Joe Bertuglia, asked him whether he was naturalized. The question was objected to, the court sustained the objection, and there was no answer. The court was not requested to take any other action, no exception was taken by the appellants, and no claim of incurable prejudice was made by them or on their behalf. Assuming, without deciding, that the question constituted improper cross-examination, there is no ruling of the trial court with reference thereto which could be said to be erroneous and no proper basis for any claim of prejudice. Compare Apt v. United States, 8 Cir., 13 F.2d 126.

The record shows that one of the officers, who assisted in making the search of the appellants' premises which followed the purchases of morphine described in the first thirteen counts of the indictment, testified that he recognized two men, who ran from the rear of the premises, to be narcotic addicts. The appellants moved to strike out this testimony, and the court struck it out and told the jury to disregard it. The appellants made no claim, at the time, that whatever prejudicial effect this statement by the officer may have had was not fully cured by the court's admonition, and they made no motion for a mistrial. No claim of either prejudice or error can reasonably be based upon this occurrence.

Without discussing the evidence as it relates to each of the counts of the indictment, we are of the opinion that there was substantial evidence to sustain the conviction of the appellants as to every count except counts 1, 14, and 15. As to count 1, the evidence showed a sale upon the appellants' premises by some unidentified person to an informer. The appellants were not shown to have participated in this sale. The evidence was insufficient as to the possession counts (14 and 15) for the reasons already stated. The failure of the court, however, to direct a verdict in favor of the appellants upon counts 1, 14, and 15 does not require or permit a reversal.

The judgment is affirmed.