## MEHAN v. UNITED STATES.
### No. 11526.

Circuit Court of Appeals, Eighth Circuit.

June 17, 1940.

Frank Rader, of Kansas City, Mo. (R. A. Gorsuch, of Independence, Mo., on the brief), for appellant.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City, Mo. (Maurice M. Milligan, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

William Mehan was indicted and tried with one Angelo Nigro on the charge of having sold to Laverne Wallace 20 grains of morphine hydrochloride, a derivative of opium, in violation of 26 U.S.C.A.Int.Rev. Code, § 2553. Both were convicted, and William Mehan prosecutes this appeal. He refused offers of the court to appoint counsel for him and elected to try his own case. He took the position that his best defense was to tell the truth, and said "I thought I could do it as well as talking to a lawyer and he telling it second hand". When he took the stand as a witness in his own behalf, the court again suggested the appointment of an attorney to protect and defend his rights, but he preferred to and did accept the offer of the attorney for his codefendant Nigro to propound questions to him, and in answer to the questions he was permitted to and did give his version of the entire case against him, fully and completely and without interruption. No objections to questions or exceptions to rulings were preserved by him, but on this appeal, which he was permitted to prosecute without printed record, counsel have submitted an extended and scholarly brief on his behalf, arguing many points for reversal under nineteen assignments of error. Counsel urge "that this court should notice and correct plain errors in the trial of the accused, although these errors were not challenged or preserved by proper objections, motions, exceptions or assignments of error. Troutman v. United States, 10 Cir., 100 F.2d 628; Kelly v. United States, 10 Cir., 76 F.2d 847; Lewis v. United States, 10 Cir., 92 F.2d 952."

We have accordingly first directed our study to the testimony in the case, being aided by a very painstaking and complete statement of the evidence in the brief of counsel for appellant. It appears that a government narcotic agent had supplied Laverne Wallace, a young woman who was addicted to the drug habit, with twenty-six dollars, made up of one ten dollar bill, bills of smaller denomination and two half dollars, in order to enable her to buy morphine from Angelo Nigro. She had bought the drug from Nigro on many occasions at the saloon kept by him, his method of dealing with her being to take the purchase price at the saloon and have some other person make delivery at some other place. On this occasion she went into the saloon and asked Nigro to sell her twenty-five dollars worth of morphine. He said that morphine was very scarce and he didn't have that much but had twelve dollars and a half worth. She accordingly paid him the money and he told her to go to the LaBelle hotel and he would send the morphine there by the appellant William Mehan who was then in the saloon. A narcotic agent who had been in the government service twelve years was present in the saloon and saw the young woman talking to Nigro. He saw her deliver some bills to Nigro and saw that one of the bills was a ten dollar bill. The young woman then went to the LaBelle hotel and was soon met there by the appellant. They walked down the street a short distance and a narcotic agent, who had been in the narcotic service more than thirteen years, saw the appellant give the woman a package which she took in her hand and held in her hand in view of the narcotic agent until she had crossed the street and delivered it to him. It was found to be a cigarette package containing the prohibited drug described in the indictment. It was duly analyzed by the government chemist and received in evidence.

Our search of the record fails to disclose any testimony that raises the least doubt that Nigro and appellant made the

sale of the prohibited drug as above stated and as charged in the indictment. Both denied guilt and each gave a long account of his relations and transactions with Laverne Wallace tending to refute her testimony that they sold her morphine, but we see no purpose to be served in discussing the unsavory details of such relations or transactions. There was substantial and convincing evidence to sustain the jury's verdict of guilty as to each defendant.

The main gist of the points argued for reversal is that this appellant was unfairly prejudiced before the jury by receiving in evidence testimony which reflected on his character.

Nigro admitted in his testimony that he talked to and received money from Laverne Wallace in his saloon as observed by the narcotic agent who was on watch there, but he said that he had previously ordered the girl out of his saloon and that on the occasion in question the girl was only paying him back two dollars of a certain ten dollars he had long before advanced to her and appellant to get medical treatment for her when she was sick. Appellant Mehan testified that he was in company with the girl in Nigro's saloon, at the LaBelle hotel and out on the sidewalk, as stated by the two narcotic agents, and that he had given the girl a package, but he said the package contained oranges that she wanted. He gave her no narcotics. He said that he was infatuated with the girl. He claimed to be a radio mechanic and that he frequented the saloon on account of telephoning in connection with his business. The District Attorney cross-examined at length in the field opened up by these defenses and it is argued very earnestly in appellant's behalf that the facts elicited tended to degrade, debase, disgrace and prejudice this appellant in the eyes of the jury. We are cited to the many cases holding that where an accused has not put the question of his character in issue, the government may not offer evidence of bad character or other offenses to impeach or discredit him, and it is insisted that appellant was so unfairly prejudiced.

Though we do not repeat the testimony here, we have not overlooked any particular of it. It does reflect moral turpitude in the conduct of this appellant directly connected with his criminal participation in this sale of narcotics. The nature of his association and relations with Laverne Wallace and Angelo Nigro was necessarily involved in the issues presented to the jury and fair inquiry into those matters disclosed appellant's delinquencies. But it does not appear that the prosecutor sought to elicit evidence of any unrelated crimes for the purpose of discrediting or impeaching this appellant.

 The examination and the evidence was directed to establishing the particular crime charged and to refuting the matters which were set up as defenses. No reason for this court to reverse the conviction is suggested by the fact that such reasonable and proper examination revealed the appellant to have been associated with Nigro and Laverne Wallace in degrading relations and offenses.

"Relevant and competent evidence of guilt is not rendered inadmissible because it also tends to prove that the defendant committed another offense". Crapo v. United States, 10 Cir., 100 F.2d 996, 1001; Devoe v. United States, 8 Cir., 103 F.2d 584, 588; United States v. Sebo, 7 Cir., 101 F.2d 889, 891; Kraus v. United States, 8 Cir., 87 F.2d 656, 661; see, also, Guy v. United States, App.D.C., 107 F.2d 288; Apt v. United States, 8 Cir., 13 F.2d 126.

 It is also argued that there was a fatal variance in that the indictment charged a sale of morphine made at 15th and Holmes Streets in Kansas City and the proof showed a sale for cash in the saloon at 14th and Holmes Streets. Authorities are cited to the effect that under the technical rules of the law relating to sales of merchandise the title to the morphine may be deemed to pass upon payment of the cash. We deem the cases without application. All of the transactions which together made up the appellant's crime occurred in close proximity to the address named in the indictment; the allegations and proof so corresponded as to inform Mehan of the charge against him, and the indictment and conviction fully protect him from another prosecution for the same offense. There was no fatal variance. Smith v. United States, 8 Cir., 50 F.2d 46; Day v. United States, 8 Cir., 28 F.2d 586; see Hewitt v. United States, 8 Cir., 110 F.2d 1, 5, 6; Berger v. United States, 295 U.S. 78, 83, 55 S.Ct. 629, 79 L.Ed. 1314.

It being clear that this appellant was fairly tried and properly convicted, the judgment is affirmed.